**MARSTELLER CORPORATION,**
Appellee,

v.

**RANGER CONSTRUCTION COMPANY, Appellant.**

**MARSTELLER CORPORATION,**
Appellant,

v.

**RANGER CONSTRUCTION COMPANY, Appellee.**

Nos. 74–2320 and 74–2321.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 9, 1975.

Decided Feb. 4, 1976.

William D. Elliot and Wilbur L. Hazlegrove, Roanoke, Va. (Hazlegrove, Dickinson, Smith & Rea, Roanoke, Va., on brief), for Marsteller Corp.

John L. Walker, Jr., and Haney H. Bell, Roanoke, Va. (Woods, Rogers, Muse, Walker & Thornton, Roanoke, Va., on brief), for Ranger Const. Co.

Before HAYNSWORTH, Chief Judge, and CRAVEN and BUTZNER, Circuit Judges.

BUTZNER, Circuit Judge:

This appeal and cross appeal are taken from a judgment entered on a jury's verdict awarding Marsteller Corporation, a subcontractor, the balance due under its contract with Ranger Construction Company, the general contractor for a hospital in Prince William County, Virginia. The court instructed the jury that it could award interest at a rate that would fairly compensate the subcontractor, and the jury then allowed nine percent. Applying Virginia law, as we must in this diversity action, we conclude that this allowance of pre-judgment interest must be reduced to eight percent. In all other respects, we affirm the judgment of the district court.

Virginia denominates six percent as the "legal interest" rate,[1] but, with certain exceptions, eight percent is allowed by its usury statutes.[2] At its discretion, a jury may allow pre-judgment interest and fix the time at which it commences. The judgment interest statute does not stipulate the rate a jury may allow, and an award of less than six percent is proper. *City of Danville v. Chesapeake & Ohio Ry.*, 34 F.Supp. 620 (W.D.Va.1940). If the jury makes no award, the statute directs the court to allow post-judgment interest at the "judgment interest rate" of eight percent.[3]

Neither Virginia nor federal courts have previously decided whether state law places any limitation on the rate of interest a jury in Virginia may allow. Precedent, however, is not wholly lacking. We have held that a district court sitting in Maryland could not allow a rate of interest greater than the maximum rate permitted by state law. *Clarke Baridon, Inc. v. Merritt-Chapman & Scott Corp.*, 311 F.2d 389, 399 (4th Cir. 1962). This rule gives effect to state policy as expressed by legislation forbidding usurious interest rates. At the same time, it takes into account exceptions to the usury statutes. Because of these reasons, we believe the Virginia Supreme Court would adopt a similar,

1. Va.Code Ann. § 6.1–318 (1973), *amended* § 6.1–330.9 (Supp.1975).

2. Va.Code Ann. § 6.1–319 (1973), *amended* § 6.1–330.11 (Supp.1975).

3. At the time of trial, the Virginia judgment interest statute, Va.Code Ann. § 8–223 (Supp. 1974), provided:

    ". . . in any action whether on contract or for tort, the jury may allow interest on the sum found by the verdict, or any part thereof, and fix the period at which the interest shall commence. If a verdict be rendered which does not allow interest, the sum thereby found shall bear interest from its date, at the rate of eight per centum per annum, and judgment shall be entered accordingly. . . ."

    The 1975 amendment changed the text of the statute but left the judgment interest rate at eight percent, *see* Va.Code Ann. §§ 6.1–330.10, 8–223 (Supp.1975).

flexible standard. This, of course, leads to the question: What is the maximum rate of interest allowable by state law under the circumstances presented by this case? For the following reasons, we conclude that it is eight percent, the maximum allowed under the usury statute when no exceptions are applicable.

■ Although a corporation, like Ranger, may not plead the defense of usury when it has contracted for a rate of interest higher than eight percent,[4] we believe that the imposition of a usurious rate on a corporation in the absence of agreement is not justified by Virginia law. If an agreement to pay interest is implicit, but no rate is specified, Virginia applies the legal rate of six percent. *Campbell v. Sickels*, 197 Va. 298, 305, 89 S.E.2d 14, 20–21 (1955). Nevertheless, this is not a case for the imposition of a six percent rate, for here the parties did not impliedly contract to pay any interest.

■ We conclude, therefore, that when the right to interest arises from the power conferred on a jury by Va. Code Ann. § 8–223[5] and not from an express or implied contract to pay interest, the maximum rate a jury may allow is eight percent. This conforms with the statutory authority for a court to award eight percent when the jury allows no interest. Accordingly, on remand the court should reform its judgment by allowing interest at the rate of eight percent from the date fixed by the jury. We find no cause for reversal in the other assignments of error made by the parties.

---

4. Va.Code Ann. § 6.1–327 (1973), *recodified* § 6.1–330.43 (Supp.1975).

5. *See* note 3 *supra.*