**UNITED STATES of America,**
**Appellant,**

v.

**DOLLAR RENT A CAR SYSTEMS,**
**INC., Dollar Rent A Car–Wash-**
**ington, Inc., Appellees.**

**No. 82–2021.**

United States Court of Appeals,
Fourth Circuit.

Argued April 15, 1983.

Decided July 27, 1983.

Brenda J. Frank, Sp. Asst. U.S. Atty., Alexandria, Va. (Elsie L. Munsell, U.S. Atty., Alexandria, Va., John S. Koppel, Appellate Staff, Civ. Div., Dept. of Justice, Edward Faggen, Legal Counsel, Metropolitan Washington Airports, Washington, D.C., on brief), for appellant.

Barry S. Ginsburg, Clayton, Mo. (Theodore F. Schwartz, Clayton, Mo., on brief), for appellees.

Before WINTER, Chief Judge, and MURNAGHAN and CHAPMAN, Circuit Judges.

CHAPMAN, Circuit Judge:

In this case brought under 28 U.S.C. § 1345,[1] plaintiff United States appeals a district court order providing for prejudgment interest at six percent "in accordance with Virginia law" on a judgment against defendant Dollar Rent A Car Systems, Inc. (Dollar). The district court did not give reasons for choosing a six percent rate and the record does not otherwise show that discretion was exercised by the court. Nor is there any indication that the trial court considered the choice of an interest rate to be a question of federal and not state law. Therefore, we vacate the decision of the district court and remand for the lower court to set an appropriate rate of prejudgment interest in accordance with federal law.

I

In December 1977 Dollar became the assignee of a third party who had contracted with the Federal Aviation Administration (FAA) to lease space for a rental car concession at Washington National Airport.[2] According to the terms of the lease, Dollar was to make payments to the FAA based on the greater of ten percent of its gross receipts per year or a set fee per deplaned passenger. The lease did not provide for two contingencies that did, in fact, occur: the lessee failed to make timely rental payments and the lessee continued to occupy and to use the rental space after the contract period had expired. Nor did the lease include provisions concerning interest rates to be applied in the event of late payment or nonpayment. According to its terms, the lease expired on October 31, 1980. Prior to expiration, Dollar had fallen behind in its payments and the FAA unsuccessfully demanded payment. Dollar continued to operate a rental car business at National Airport until June 13, 1981.

The United States filed suit in April 1982 and was granted summary judgment on the issue of liability and the method of computing amounts due under the contract. In the course of a jury trial on the issue of the amounts owed during the contract period and the amount due during the holdover period, the jury was instructed to decide whether interest should be paid on these two amounts. The judge also told the jury that, if interest was determined to be due, the court would decide the legal rate. In its verdicts, the jury assessed damages under the contract at $34,652.81 "plus interest" and during the holdover period at $95,646.27 "plus interest as of billing dates."

At a post-trial hearing on plaintiff's motion to amend the judgment to specify that interest would be "at the rate established by the United States Treasury," plaintiff contended that the appropriate prejudgment interest rate was the annual percentage rate that is set quarterly by the Treasury Department.[3] Defendant argued that Virginia law applied.[4] The trial court con-

1. 28 U.S.C. § 1345 provides:
   Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress.

2. National Airport is owned by the federal government and operated by the Secretary of Transportation who has delegated this authority to the FAA. The FAA is responsible for regulating all commercial activity at the airport.

3. Calculated by the Treasury Department, this percentage rate is the average of the current value of funds to the Treasury for a three month period. Plaintiff relies on a regulation, 4 C.F.R. § 102.12 which provides in pertinent part: "In the absence of a different rule prescribed by statute, contract, or regulation, in-

terest should be charged on delinquent debts and debts being paid in installments in conformity with the Treasury Fiscal Requirements Manual."
   Although we note the absence of a reference in plaintiff's briefs to the statute under which the regulation was adopted, consideration of the statutory authority for the regulation is not required for our decision. The issue is not, as framed by plaintiff, that of a conflict between state and federal law such that the trial court must choose between either the federal regulation or the Virginia statute.

4. Defendant contended at the hearing that the applicable law was Va.Code Ann. § 6.1–330.9 (1979) which provides:
   The legal rate of interest shall be six per centum per annum. Except as provided in §§ 8.3–118(d) and 6.1–330.10, the legal rate of interest shall be implied where there is an

cluded that a six percent rate should apply to both the lease period and to the holdover period.[5]

## II

■ The determination of a certain rate of prejudgment interest is generally a matter of discretion on the part of the district court. *E.E.O.C. v. Liggett & Myers, Inc.,* 690 F.2d 1072 (4th Cir.1982). There is nothing, however, in the record of the instant case to reflect that the trial judge exercised discretion or that the court viewed the question as other than one of state law.[6] Courts have held that state law applies to questions involving prejudgment interest in diversity cases.[7] *Klaxon Co. v.*

obligation to pay interest and no express contract to pay interest at a specified rate. *But cf. Marsteller Corp. v. Ranger Construction Co.,* 530 F.2d 608 (4th Cir.1976). The court, applying Virginia law in a diversity case, reduced a jury award of nine percent prejudgment interest to eight percent. Eight percent, the maximum rate allowed under the usury statute (Va.Code Ann. § 6.1–330.11 (1979)) when no exceptions are applicable, was found to constitute the maximum rate permitted under Virginia law. 530 F.2d at 610.

5. The district court stated: "It is ORDERED that in accordance with Virginia law the rate of interest is to be 6% on the contractual indebtedness, 6% during the carry-over period, and 10% as of the date of judgment and until paid."

Prior to its amendment, 28 U.S.C. § 1961 required that postjudgment interest be determined "at the rate allowed by state law." As amended on April 2, 1982 the statute provides that interest be calculated "from the date equivalent (as determined by the Secretary of the Treasury) of the average accepted auction price for the last auction of fifty-two week United States Treasury bills settled immediately prior to the date of the judgment." 28 U.S.C. § 1961, as amended by Act of April 2, 1982, Publ.L. 97–164, Title III, § 302(a), 96 Stat. 55. The amendment became effective October 1, 1982, after the date of the district court order (dated September 10, 1982). There is no indication that the statute was intended to have retroactive effect. *Peterson v. Crown Financial Corp.,* 553 F.Supp. 114, 117 n. 4 (E.D.Pa.1982). Nor was this question raised by the parties. The different rates under the old and new statute, however, may be helpful to the district court in determining an appropriate rate of prejudgment interest.

6. Indications in the record that the court considered itself to be bound by state law include the wording of the order (see n. 5). Excerpts from the post-trial hearing show the trial court's concern with the state of Virginia law on interest rates:

Defendant's Attorney: [I] do not think that the Treasury Department regulations apply. I think the law of Virginia applies, which would be a six percent interest until the date of judgment.

The Court: It's eight, isn't it?

Defendant's Attorney: Eight percent after the judgment. And now it's as of July 1st, 1981, it became ten percent.

\* \* \* \* \* \*

Defendant's Attorney: There is no agreement as to interest between these parties, and we submit respectfully the law of Virginia should apply.

The Court: But give me the chronology of the Virginia rate.

\* \* \* \* \* \*

The Court: And that portion of it, the interest rate extant in Virginia at that time was what, eight percent?

Another indication that the six percent rate was chosen as a matter of law and not as a matter of discretion is found in the ruling from the bench at the conclusion of the post-trial hearing:

On the interest issue, and I am frank to tell you, the more I look at that and the more times it's run by me, the less I know about it. But for purposes of this case, and to give you something nice to carry to the Fourth Circuit, I am applying a six percent interest rate on both the contractual indebtedness and the indebtedness from the holdover period from the date that those sums became due until the date of the judgment, and as of the date of the judgment the interest rate accelerated to ten percent by now, isn't it?

7. There is Fourth Circuit authority for the proposition that, in appropriate cases, the rate of prejudgment interest should be determined, not according to the legal rate provided by state statute, but at a rate that would compensate the plaintiff for the delay in recovering damages. In these cases, however, either the rate set by the appellate court was less than the state's legal rate of interest or the trial court was instructed to set a rate not greater than the maximum allowed by the law of the forum state. *Clarke Baridon, Inc. v. Merritt-Chapman and Scott Corp.,* 311 F.2d 389, 399 (4th Cir.1962); *Montgomery Ward & Co. v. Collins Estate,* 268 F.2d 830, 839 (4th Cir.1959); *E.I. du Pont de Nemours & Co. v. Lyles & Lang Construction Co.,* 219 F.2d 328, 342 (4th Cir. 1955), cert. denied 349 U.S. 956, 75 S.Ct. 882, 99 L.Ed. 1280. See also *M.B.A.F.B. Federal Credit Union v. Cumis Insurance Society,* 507 F.Supp. 794, 798–799 (D.S.C.1981), aff'd 681 F.2d 930 (4th Cir.1982).

*Stentor Elec. Mfg. Co.,* 313 U.S. 487, 497, 61 S.Ct. 1020, 1022, 85 L.Ed. 1477 (1941); *Clissold v. St. Louis-San Francisco Railway,* 600 F.2d 35, 38–39 (6th Cir.1979); *American Insurance Co. v. First National Bank in St. Louis,* 409 F.2d 1387, 1392 (8th Cir.1969); *But cf. Peterson v. Crown Financial Corp.,* 661 F.2d 287 (3rd Cir.1981) (holding that in a diversity case involving restitution concepts the district court had discretion to award prejudgment interest at a rate higher than the six percent legal rate of the forum state) *on remand,* 553 F.Supp. 114 (E.D.Pa.1982). The jurisdiction of the district court in this case, however, is not based on diversity of citizenship. The case involves a federal contract that was to be performed on a federal enclave. The district court, therefore, is not bound by the interest rate of the forum state in determining the rate of prejudgment interest, but it must use its discretion in setting the proper rate. *See E.E.O.C. v. Liggett & Myers,* supra at 1074 (noting that the district court may, in its discretion, choose to apply the interest rate provided for by state law); *Ameejee Valleejee & Sons v. M/V Victoria U.,* 661 F.2d 310, 313–314 (4th Cir. 1981) (admiralty case in which the court found that, although choice of prejudgment interest rate was within the discretion of the district court, the lower court should have given reasons for allowing a six percent rate so that the choice could be reviewed by the appellate court); *George's Radio & T.V. v. Insurance Co. of North America,* 536 F.Supp. 681, 683–685 (D.Md. 1982) (admiralty case concluding that the appropriate prejudgment interest rate was the yearly average rate of return on Moody Aaa long-term corporate bonds). We, therefore, remand the case to the district court with instructions that it use its discretion and set a rate of prejudgment interest in accordance with federal law.

VACATED AND REMANDED.