## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Kohne et al.

v.

Intermodal Services, Inc.

December 3, 1985

Case No. (Law) 9013

By JUDGE ALFRED D. SWERSKY

This matter is before the Court on defendant's Motion to Set Aside the Verdict as to the Interest Awarded Therein. The basis for defendant's motion is that no instruction was offered to the jury from which they could determine a rate of interest to be applied. The Court has previously ruled that the testimony of Mr. Kohne with respect to the date was a sufficient basis for the jury to fix the date from which pre-judgment interest would run. The only question before the Court now is whether or not the verdict is fatal because of the jury's failure to set the interest rate.

In reliance on the assertion that the jury has discretion with regard to the interest rate, defendant relies on *Marsteller Corporation v. Ranger Construction Company*, 530 F.2d 608 (4th Cir. 1976). In that case Judge Butzner, speaking for the 4th Circuit, ruled that a jury could not go above 8% for pre-judgment interest. The basis of this opinion is that 8% was the maximum allowed under the usury statutes and, incidentally, was the maximum that the Court could have allowed had there been no jury finding with regard to interest.

I do not read Code § 8.01-382 as giving the jury discretion to fix the interest rate. It is clear that the jury has discretion to fix the period at which interest shall commence and even the discretion to fix the principal sum upon which interest may be awarded. The latter gives

the jury discretion to award interest not on the entire principal sum awarded but on a portion thereof. The statute is silent as to discretion when it talks about the interest rate. It simply says that the jury "may provide for interest." The statute further provides that "the judgment or decree entered shall provide for such interest until such principal sum be paid." Section 6.1-330.10 of the Code of Virginia states "the judgment rate of interest shall be 12% per annum." The Legislature could not have intended the anomalous result that a jury verdict awarding pre-judgment interest could be at a rate lower than the mandatory statutory rate for interest on judgments.