**In re The H.P. KING COMPANY, INC., Debtor.**

**Gregory B. CRAMPTON, Trustee for The H.P. King Company, Inc., Plaintiff,**

**v.**

**DOMINION BANK OF BRISTOL, N.A., a/k/a Dominion National Bank, Defendant.**

**Bankruptcy No. S–84–00961–5. Adv. No. S–86–0009–AP.**

United States Bankruptcy Court, E.D. North Carolina.

Sept. 11, 1986.

As Amended Sept. 24, 1986.

Gregory B. Crampton, Raleigh, N.C., Trustee.

Peter J. Sarda, Raleigh, N.C., Mark M. Lawson, Bristol, Va., for defendant.

## MEMORANDUM OPINION

A. THOMAS SMALL, Bankruptcy Judge.

The matter before the court is the trustee's complaint for avoidance of a preferential transfer pursuant to 11 U.S.C. §§ 547 and 550. A trial was held in Raleigh, North Carolina, on August 26, 1986.

### JURISDICTION

This bankruptcy court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157, and the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina on August 3, 1984. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(F), which this court may hear and determine.

### FACTS

The debtor, The H.P. King Company, Incorporated, filed a chapter 11 bankruptcy petition on June 22, 1984. The case was converted to a case under chapter 7 of the Bankruptcy Code on February 20, 1985. In April of 1984, the debtor made three payments to the defendant, Dominion Bank of Bristol, N.A., on account of an unsecured note in an amount totalling $129,261.19.

By a letter dated March 12, 1985, from the chapter 7 trustee to the attorney for the defendant, formal demand was made for repayment of the funds transferred. This court finds that this demand was adequate and proper even though it was not sent directly to officers of the defendant bank. The defendant has not offered any evidence that the demand sent to the attorney did not, in fact, serve to promptly notify the bank. Evidence presented by the trustee shows that it was appropriate to send the demand to the defendant's attorney. Both the bank and the attorney were located in Bristol, Virginia. When the trustee wrote to a vice-president for the bank concerning the debtor's estate several months prior to the demand for payment, he received a response from counsel for the bank. This properly suggested to the trustee that future communications to the bank should be addressed to counsel.

When the bank failed to repay the transferred funds, the trustee filed in this court on January 14, 1986, a complaint to avoid preferential transfers pursuant to 11 U.S.C. § 547. On July 11, 1986, before the matter was heard in this court, the defendant paid the trustee $129,261.19, the amount originally transferred from the debtor to the defendant in April of 1984. The defendant no longer contests the preferential nature of those April transfers.

### DISCUSSION AND CONCLUSIONS

Since the funds originally transferred from the debtor to the defendant have been returned to the debtor's estate, the only remaining issue for this court to decide is what interest, if any, the trustee is entitled to recover from the defendant. The trustee seeks interest on $129,261.19, the amount of the preferential transfer, from March 15, 1985, three days after his demand for payment was mailed to the defendant's attorney, until July 11, 1986, the date payment was made. It is the trustee's position that the applicable interest rate should be determined by the law of Virginia, the state where the note was made which created the antecedent debt for which the preferential payments were made. The trustee contends that the applicable Virginia statute is Va.Code § 6.1–330.10 (1983), which establishes a judgment rate of interest of 12% per annum. The defendant denies any obligation to pay interest on the preferential transfer.

Although the Bankruptcy Code does not

directly address the subject,[1] it is well settled that in an action to set aside a preference the trustee is entitled, under the bankruptcy court's equitable powers, to prejudgment interest from the date of demand for its return, or in the absence of a prior demand, from the date of the filing of the complaint. *Matter of Foreman Industries, Inc.,* 59 B.R. 145, 155 (Bankr.S.D. Ohio 1986); *In re Demetralis,* 57 B.R. 278, 284 (Bankr.N.D.Ill.1986); *In re Fulghum Construction Corp.,* 45 B.R. 112 (Bankr.M. D.Tenn.1984); *In re Independent Clearing House Co.,* 41 B.R. 985, 1015 (Bankr.D. Utah 1984). *Contra In re Video East, Inc.,* 33 B.R. 61, 63 n. 8 (Bankr.E.D.Pa. 1983). The rationale for allowing prejudgment interest on avoided preferential transfers was well stated in *Foreman Industries* at 155:

> [I]f litigation to recover a prefiling transfer is successful, recovering only the amount originally transferred is not adequate. Not only would the one creditor have received one hundred per cent (100%) of the amount owed by the debtor, but the creditor would also have had total control and use of the property transferred, including the opportunity to simply invest the amount in question until any litigation concerning the transfer was concluded—a situation which would not be true for other creditors. At the same time, the debtor's estate would have been deprived not only of the property transferred, to which it was rightfully entitled, but also the control and use of the property, particularly for investment purposes. In such a situation, all creditors and claimants of the estate would have had the amount they were entitled to receive diminished not merely by the wrongful transfer of the funds,

but also by the continued retention of those funds. The wrongful retention of those funds can be redressed by an award of prejudgment interest. The awarding of prejudgment interest is compensatory. It compensates the debtor's entire estate for the use of those funds for the period of time that they were wrongfully withheld from the estate.

The arguments presented by the defendant for not allowing interest in this case are not persuasive. The defendant claims that it has lost the ability to proceed against the guarantors of the note, but it presented no evidence to show why that is so. If the defendant was concerned that the passage of time might diminish its ability to pursue guarantors, it could have repaid the transferred funds to the debtor's estate earlier than it did. In *In re Fulghum Construction Corp.,* 45 B.R. 112 (Bankr.M.D.Tenn.1984), the court rejected the defendant's argument that the trustee should not be entitled to prejudgment interest on an avoided transfer because the defendant was not responsible for any delay in litigation. As in *Fulghum,* the defendant here has not convinced this court that interest should be denied because of delays in litigation.

█ The defendant also asserts that interest should not be awarded unless it is shown that the trustee would have invested the avoided funds in an interest bearing account. At trial, the trustee for the debtor's estate indicated that all funds in the estate had, in fact, been earning interest, and counsel for the defendant seemed satisfied with that response. In any event, this court does not believe that, in order to recover prejudgment interest, the trustee should be required to show that the value

---

1. The most applicable provision of the Bankruptcy Code is 11 U.S.C. § 550(a) which provides:

    [e]xcept as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—

    (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or
    (2) any immediate or mediate transferee of such initial transferee.
    The Code does not provide a definition of "value" for purposes of § 550(a). As noted in *In re Rehbein,* 49 B.R. 250, 252 (Bankr.D.Mass.1985), "[t]here is no word used in the bankruptcy court which is more elusive than the word value."

of the debtor's estate would have been enhanced but for the defendant's retention of improperly transferred property of the estate. *See In re Fulghum Construction Corp.*, in which the court awarded the trustee interest despite the defendant's argument that the evidence established that the value of the debtor's estate increased due to its transactions with the debtor.

Finally, the defendant challenges the adequacy of the demand for payment made by the trustee because it was mailed to the attorney for the defendant, rather than to officers of the defendant bank. The defendant has not cited any authority in support of its claim of inadequacy. This court has found that notice to the attorney did, in fact, constitute notice to the bank.

■ This court holds that the trustee is entitled to interest on the avoided transfer for the period from March 15, 1985, the date of demand, to July 11, 1986, the date of payment. The court now turns to the issue of the appropriate rate of interest.

■ The trustee argues that the "Erie doctrine"[2] requires this court to look to the law of Virginia in determining the applicable rate of interest in this case. The trustee contends that the relevant state statute is Va.Code § 6.1–330.10 (1983), which establishes a judgment rate of interest of 12% per annum.[3] The availability of prejudgment interest is a substantive issue of the law of damages, rather than a procedural issue. *Ford Motor Co. v. Transport Indemnity Co.*, 45 B.R. 843, 846 (E.D.Mich.

1984). Therefore, under the Erie doctrine, state law will apply to questions involving prejudgment interest in diversity cases. *United States v. Dollar Rent A Car Systems, Inc.*, 712 F.2d 938, 940 (4th Cir.1983). However, when a right to recovery arises under and is governed by federal law, federal law also governs the availability of interest. *Id.* at 941; *Ford Motor Co.* at 846.

■ Although many issues adjudicated in bankruptcy court concern rights arising under state law,[4] the avoidance of a preferential transfer is not one of them. The source of a trustee's right to avoid a preferential transfer is section 547 of the United States Bankruptcy Code. Section 547 does not merely provide a mechanism for enforcing in bankruptcy court a right existing independently under state law; it creates the right. Because liability in a preferential transfer case arises from § 547, federal, not state law governs the determination of the appropriate rate of interest. *In re E.D. Presley Corp.*, 44 B.R. 781, 784 (Bankr.S.D.Fla.1984). *See also In re Production Steel, Inc.*, 60 B.R. 4 (Bankr.M.D.Tenn.1986) (applying federal law); *Matter of Foreman Industries, Inc.*, 59 B.R. 145, 157 (Bankr.S.D.Ohio 1986) (applying federal law); *In re Demetralis*, 57 B.R. 278, 284 (Bankr.N.D.Ill.1986) (applying federal law). *But see Middleton v. Farmers State Bank of Fosston*, 45 B.R. 744 (Bankr.D.Minn.1985), in which the court cited *Erie* in holding that it was required to follow Minnesota law in deter-

2. "Except in matters governed by the Federal Constitution or by Acts of Congress, the law to be applied in any case [in federal courts] is the law of the state." *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938). Under *Erie*, the law to be applied by federal courts depends on the nature of the issue under consideration. If the issue is a federal matter, federal law will apply; however, if the issue concerns a nonfederal matter, the federal court must apply state substantive law. *Watson v. McCabe*, 527 F.2d 286 (6th Cir.1975). Even when a federal court is bound to apply state substantive law, the court will still generally apply federal procedural rules. *Smith v. Cessna Aircraft Co.*, 571 F.Supp. 433 (M.D.N.C. 1983).

3. If Virginia law is controlling, it would appear that the prejudgment interest rate would be the 6% "legal rate of interest" set forth in Va.Code § 6.1–330.9 (1983), rather than the 12% "judgment rate of interest" provided for in Va.Code § 6.1–330.10 (1983), and advocated by the trustee. *See United States v. Dollar Rent A Car Systems, Inc.*, 712 F.2d 938, 939–40 nn. 4–5 (4th Cir.1983).

4. *See, e.g., In re Bradford Realty, Inc.*, 55 B.R. 218 (Bankr.D.N.H.1985), involving an unsecured claim for a debt arising from engineering services performed for the debtor, in which the court looked to state law to determine the amount of interest which would be awarded.

mining what interest was owed by creditors who had taken possession of property of the debtor subsequently ruled to be exempt under section 522 of the United States Bankruptcy Code. No court has followed *Middleton* with respect to its holding that state law determines the right to interest in this situation.

The statutory rate of interest for *post-judgment* interest awards by a bankruptcy court[5] is based on the average auction price for 52–week United States Treasury bills and is stated in 28 U.S.C. § 1961(a):

> Interest shall be allowed on any money judgment in a civil case recovered in a district court. Execution therefor may be levied by the marshal, in any case where, by the law of the State in which such court is held, execution may be levied for interest on judgments recovered in the courts of the State. Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the coupon issue yield equivalent (as determined by the Secretary of the Treasury) of the average accepted auction price for the last auction of fifty-two week United States Treasury bills settled immediately prior to the date of the judgment. The Director of the Administrative Office of the United States Courts shall distribute notice of that rate and any changes in it to all Federal judges.

Neither 28 U.S.C. § 1961, nor any other federal statute sets forth generally applicable guidelines concerning the award of *prejudgment* interest in the federal courts. *Ford Motor Co. v. Transport Indemnity Co.,* 45 B.R. 843, 846 (E.D.Mich.1984); *Matter of Foreman Industries, Inc.,* 59 B.R. 145, 156 (Bankr.S.D.Ohio 1986). In the Fourth Circuit Court of Appeals, as in other circuits, the determination of the rate of prejudgment interest has generally been left to the trial court's discretion. *United States v. Dollar Rent A Car Systems, Inc.,* 712 F.2d 938, 940 (4th Cir.1983); *Central*

*Rivers Towing, Inc. v. City of Beardstown, Illinois,* 750 F.2d 565, 574 (7th Cir. 1984); *Equal Employment Opportunity Commission v. Wooster Brush Company Employees Relief Association,* 727 F.2d 566, 579 (6th Cir.1984); *Ellis v. Chevron U.S.A. Inc.,* 650 F.2d 94, 98 (5th Cir.1981). In non-bankruptcy cases, federal courts have found that the rate for postjudgment interest set in section 1961 is also appropriate for prejudgment interest unless there is "substantial evidence" showing "that the equities of the particular case require a different rate." *Western Pacific Fisheries, Inc. v. SS President Grant,* 730 F.2d 1280, 1289 (9th Cir.1984) (admiralty case). *See also Mother Goose Nursery Schools, Inc. v. Sendak,* 591 F.Supp. 897, 915 (N.D. Ind.1984) (civil rights action), *rev'd on other grounds,* 770 F.2d 668 (7th Cir.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 884, 88 L.Ed.2d 919 (1986).

Similarly, in a preferential transfer case, the court in *Matter of Foreman Industries, Inc.,* 59 B.R. 145, 157 (Bankr.S.D. Ohio 1986), awarded prejudgment interest at the postjudgment rate set in 28 U.S.C. § 1961. The *Foreman Industries* Court held that not only would prevailing litigants be fairly compensated under the § 1961 rate because it takes into account the changing nature of interest rates, but that adoption of the § 1961 rate would also have the desired effect of providing uniformity of treatment in judgments. Other cases which have relied on 28 U.S.C. § 1961 in setting rates for prejudgment interest on avoided transfers include: *In re Production Steel, Inc.,* 60 B.R. 4 (Bankr.M.D. Tenn.1986); *In re Demetralis,* 57 B.R. 278, 284 (Bankr.N.D.Ill.1986); *In re E.D. Presley Corp.,* 44 B.R. 781, 784 (Bankr.S.D.Fla. 1984). *But see In re Gillett,* 55 B.R. 675, 680 (Bankr.S.D.Fla.1985) (noting that 28 U.S.C. § 1961 does not specify a rate for prejudgment interest and therefore apply-

---

**5.** Section 1961(a) only refers to cases in *district court,* and § 1961(c)(4) states that "[t]his section shall not be construed to affect the interest on any judgment of any court not specified in this section." At least one court has held, however,

that, because a bankruptcy court is a unit of the district court, § 1961(a) applies to judgments rendered in a bankruptcy court. *In re Goldblatt Bros. Inc.,* 61 B.R. 459, 466 n. 4 (Bankr.N.D.Ill. 1986).

ing the state statutory interest rate in a turnover proceeding).

In the absence of substantial evidence showing that the equities in a particular case require a different rate, this court adopts the § 1961 postjudgment rate in determining prejudgment interest in preferential transfer cases.

No evidence having been presented in this case suggesting that another rate of interest would be appropriate, interest shall be awarded on $129,261.19, the amount of the avoided transfer, at 10.08%, the rate equal to the coupon issue yield equivalent (as determined by the Secretary of the Treasury) of the average accepted auction price for the last auction of 52 week U.S. Treasury bills settled immediately prior to March 15, 1985, the date of demand for payment.[6] *See In re Production Steel, Inc.,* 60 B.R. at 5 (also looking to the auction price settled immediately prior to the date of demand).

The trustee contends that the interest awarded in this case should be compounded. 28 U.S.C. § 1961(b) states that postjudgment interest is to be compounded annually and there is no reason why this practice should not be followed for computing prejudgment interest as well. Interest shall therefore be compounded annually in this proceeding.

Pursuant to 28 U.S.C. § 1961, the trustee is entitled to postjudgment interest on today's judgment at the rate of 5.63%.

An appropriate judgment shall be entered in accordance with this opinion.

**6.** Had there been a more dramatic fluctuation of interest rates during the relevant time period for this case, this court would consider a floating interest rate based on all the auction prices settled during the time period for which interest was being awarded. However, in view of the relatively stable interest rates and for ease of computation, one interest rate will be used in this case, determined from the auction price settled immediately prior to the date of demand for payment.