**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CONSTANCE MCCLUNG,
Plaintiff-Appellee,

v.

No. 95-1106

WILLIAM MASSIE SMITH, JR.; GILLIAM,
SCOTT & KRONER, P.C.,
Defendants-Appellants.

CONSTANCE MCCLUNG,
Plaintiff-Appellant,

v.

No. 95-1187

WILLIAM MASSIE SMITH, JR.; GILLIAM,
SCOTT & KRONER, P.C.,
Defendants-Appellees.

Appeals from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CA-93-549)

Argued: March 4, 1996

Decided: June 19, 1996

Before MURNAGHAN and ERVIN, Circuit Judges, and YOUNG,
Senior United States District Judge for the District of Maryland,
sitting by designation.

_____

Affirmed in part and remanded in part by unpublished per curiam
opinion.

**COUNSEL**

**ARGUED:** William DeLaney Bayliss, WILLIAMS, MULLEN, CHRISTIAN & DOBBINS, Richmond, Virginia, for Appellants. Thomas E. Albro, TREMBLAY & SMITH, L.L.P., Charlottesville, Virginia, for Appellee. **ON BRIEF:** Robert Temple Mayo, WILLIAMS, MULLEN, CHRISTIAN & DOBBINS, Richmond, Virginia, for Appellants. John K. Taggart, III, Patricia D. McGraw, TREMBLAY & SMITH, L.L.P., Charlottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

The instant appeal concerns an attorney malpractice action brought in federal district court under diversity jurisdiction by Constance McClung, a client, against William Massie Smith, Jr., her attorney, and his law firm, Paxson, Smith, Gilliam, & Scott P.C. (collectively "the defendants").**1** McClung first retained the services of Smith to conduct an accounting of alleged misuse of her separate assets by her then husband, John Lowe, and subsequently, to represent her in a divorce from Lowe.

_____

**1** Only days before oral argument, the court was informed that Smith had died since the district court trial. As of oral argument before this court, no one had been appointed to represent his interests. The court has received no filing indicating that a personal representative has been appointed in order that he or she could be substituted for Smith pursuant to Rule 43 of the Rules of Appellate Procedure. The parties represented to the court at oral argument, however, that Smith's personal estate would not be subject to any judgment. Hence, Smith's estate will not be affected by this opinion.

2

McClung filed a lawsuit against Smith and his law firm alleging malpractice for failing to obtain an accounting and negligent misrepresentation in her divorce. After a non-jury trial, the district court in a thorough and well-reasoned opinion ruled that the defendants had committed malpractice in both the accounting matter and divorce proceeding. The district court awarded damages of $211,677.43 for the failure to obtain an accounting and $257,520 for malpractice in the divorce proceeding. The district court also awarded McClung $129,171.64 in prejudgment interest calculated with the average prime interest rates from January 1, 1991 to the date of judgment, December 20, 1994, and postjudgment interest at the statutory rate from the date of judgment until it is paid. The defendants have appealed. McClung has cross-appealed arguing that the district court erred in calculating her prejudgment interest when it applied the average prime interest rate instead of the Virginia statutory rate of interest.

The defendants contend that they did not commit malpractice as to the accounting because McClung had no legal entitlement to an accounting from Lowe. They further argue that the district court committed multiple errors in calculating damages for malpractice in the divorce proceeding. Based on our extensive review of the record and our consideration of the parties' arguments, we find no error in and, therefore, adopt the district court's conclusions, with the exception of the interest rate applied to the award of prejudgment interest.[2]

State law governs the award of prejudgment interest in diversity cases. United States v. Dollar-Rent-A-Car Systems, Inc., 712 F.2d 938, 940 (4th Cir. 1983). The Virginia Code allows a jury or a court sitting without a jury to award prejudgment interest in an action at law

_____

[2] We wish to clarify one matter. The defendants place a great deal of reliance on the argument that no accounting was due because the funds Lowe spent were marital and were used to pay off marital debts. We find that regardless of whether the funds he spent became marital funds through commingling or remained separate and regardless of whether the funds were used to pay off marital or separate debt, that argument misses the point that Lowe also misused his wife's separate funds, which were entrusted to him under a fiduciary relationship. He did not use the separate funds for the limited purposes for which McClung entrusted them to him and, as a result, McClung's separate funds were diminished.

or a suit in equity. Va. Code Ann. § 8.01-382 (Michie 1992). McClung requested prejudgment interest at the statutory rate of 8% from March 1, 1989 to July 31, 1991, and 9% thereafter. The district judge, however, determined that interest should start only as of the date any judgment from the divorce proceedings would have become final, approximately January 1, 1991.**3** He further determined that the actual interest rate was entrusted to the discretion of the court, although circumscribed at its upper limit by the statutory rate. He, therefore, applied the average prime interest rate, which for most of the relevant time period was less than the Virginia statutory rate applicable to prejudgment interest.

In applying the average prime interest rate, the district judge relied on the Fourth Circuit's holding in Dollar Rent-A-Car that where federal law applies, the determination of the rate of interest is a matter left to the discretion of the trial court and not determined by state law. 712 F.2d at 941. In Dollar Rent-A-Car, however, the court was not applying state law because it was not sitting with diversity jurisdiction. Id. Here, jurisdiction is based on diversity of citizenship. Thus, Virginia state law clearly applies. Indeed, the district judge awarded prejudgment interest pursuant to the Virginia Code§ 8.01-382. But, he failed to apply the statutory rate of interest provided for in the Virginia Code at § 6.1-330.54 of 8% per annum through July 31, 1991, and 9% per annum thereafter. Va. Code Ann. § 6.1-330.54 (Michie 1993). Instead, the district judge applied the average prime interest rate, which, as previously stated, was less than the statutory rate for most of the relevant time period. The district court erred, as a matter of law, by not applying the statutory rate of interest. On remand, the district court should recalculate the prejudgment interest using the Virginia statutory rate of interest.

Accordingly, we

AFFIRM IN PART AND REMAND IN PART.
_____

**3** McClung has not raised the date the judge chose as a grounds for appeal. Thus, we adopt January 1, 1991 as the date from which prejudgment interest should begin to run.

4