**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

GLOVER CONSTRUCTION COMPANY,
INCORPORATED,
<u>Plaintiff-Appellee,</u>

v.                                                                No. 98-1194

HAMPTON ROADS SANITATION
DISTRICT,
<u>Defendant-Appellant.</u>

GLOVER CONSTRUCTION COMPANY,
INCORPORATED,
<u>Plaintiff-Appellant,</u>

v.                                                                No. 98-1266

HAMPTON ROADS SANITATION
DISTRICT,
<u>Defendant-Appellee.</u>

Appeals from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Rebecca B. Smith, District Judge.
(CA-97-528-2)

Argued: October 26, 1998

Decided: December 18, 1998

Before ERVIN and HAMILTON, Circuit Judges, and
G. ROSS ANDERSON, JR., United States District Judge for the
District of South Carolina, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Gordon Bennett Tayloe, Jr., KELLAM, PICKRELL, COX & TAYLOE, P.C., Norfolk, Virginia, for Appellant. Neil Samuel Lowenstein, VANDEVENTER BLACK, L.L.P., Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

This is a cross-appeal arising from a dispute over the construction of a sewer line in the City of Chesapeake. For the reasons stated below, we affirm.

I.

Glover Construction Company ("Glover") and Hampton Roads Sanitation District ("HRSD") entered into a contract to construct approximately 10,000 feet of twenty-four (24) inch sewer line. The contract required construction in the right of way of Cedar Road, a major east-west connector in the City of Chesapeake ("City"). A detour rerouted west-bound Cedar Road traffic to Dominion Boulevard. Under the terms of the contract, the City was to control the flow of traffic via a land disturbance permit, with which Glover was responsible for complying.

As a part of the contract, a blueprint drawing stated in large capital letters: "NOTE: THIS PLAN SHOWN ON THIS SHEET IS A GEN-

2

ERAL CONCEPTUAL TRAFFIC CONTROL PLAN AND A DETAILED TRAFFIC CONTROL PLAN, <u>PREPARED BY THE CONTRACTOR</u>, WILL BE REQUIRED TO BE SUBMITTED TO AND APPROVED BY THE CITY OF CHESAPEAKE PRIOR TO BEGINNING CONSTRUCTION" (emphasis added). Relying upon this provision, the district court ruled Glover assumed the risk that the City would impose unanticipated traffic control requirements, and denied Glover's claim for reimbursement for the cost of flagmen, signs, and other traffic control related costs.

The contract clearly required a uniformed police officer at the intersection of Cedar and Grassfield Roads while the detour was in place. Additionally, HRSD required the police officer to be in a police cruiser. This uniformed police officer, while technically off-duty, still responded to calls from the City dispatcher.

Glover argued that providing the police officer was a coordination requirement of the contract, and that the contract was ambiguous as to which party must pay for the police officer.

HRSD argued that because the contract was not ambiguous, it was error for the district court to accept parol evidence. HRSD argued that three provisions of the contract clearly required Glover to bear all costs. Section 2(a) of the General Conditions of the Contract summarizes those provisions. Section 2(a) stated, "contractor shall provide and pay for all . . . labor, . . . and other services and facilities of every nature whatsoever . . . ."

The district judge found the contract was ambiguous as to which party had to pay for the officer and allowed parol evidence to resolve the ambiguity. Relying on the testimony of Matt Glover, the district court ruled HRSD must pay for the uniformed police officer. Glover testified that contractors do not pay for police officers unless the contract specifically requires it.

The district court denied Glover's request for costs, fees, and pre-judgment interest. The district court noted that the contract disputes were legitimate and in its discretion decided not to grant costs, fees, or prejudgment interest.

3

II.

This Court reviews the district court's evidentiary rulings for abuse of discretion. See United States v. Russell, 971 F.2d 1098, 1104 (4th Cir. 1992), cert. denied, 506 U.S. 1066 (1993); Lilly v. Commonwealth of Virginia, 499 S.E.2d 522, 532 (Va. 1998). However, whether or not a contract is ambiguous under Virginia law is a question of law and must be reviewed de novo. Doswell v. VEPCO, 468 S.E.2d 84, 88 (Va. 1996).

"The district court's factual findings are reviewed for clear error." DesRoches v. Caprio, 156 F.3d 571, 576 (4th Cir. 1998) (citing United States v. Rusher, 966 F.2d 868, 873 (4th Cir. 1992)).

III.

HRSD appeals the district court's ruling requiring HRSD to bear the costs of the uniformed police officer while the detour was in place. HRSD argues that the Virginia Supreme Court's decision in Doswell supports their position on the use of parol evidence in this case. Doswell v. VEPCO, 468 S.E.2d 84, 89 (Va. 1996). In Doswell, the court stated that "parol evidence may not be used to first create an ambiguity and then to remove it." Id.

Glover argues that the contract is ambiguous under Virginia law, including the Doswell decision relied upon by HRSD. In Doswell, the court stated that "[a]n ambiguity exists when language admits of being understood in more than one way or refers to two or more things at the same time." Id. at 88; see also Aetna Casualty and Surety Co. v. Fireguard Corp., 455 S.E.2d 229, 232 (Va. 1995).

The district court found that the contract required a uniformed police officer to direct traffic, but that the contract was "silent as to who [was] to pay for that police officer." The district court found as a matter of fact and law that the three contract provisions relied upon by HRSD did not apply to the police officer issue. The district court stated, "The police officer is a specific separate designation on the contract documents [and that the contract] is silent as to who should pay [for the police officer]."

4

The district court found the testimony of Glover's expert, Matt Glover, credible. Matt Glover testified that absent a specific contractual provision to the contrary, the contractor would not pay for the costs of a uniformed police officer. The district court found that the testimony of HRSD's witnesses, A. G. Pinkston and Ed Martin, also supported its resolution of the ambiguity.

We find the district court's legal conclusion that the contract was ambiguous proper. The fact that the police officer requirement was set-off from the rest of the contract, as noted by the district court, made the contract capable of being understood in more than one way. See Doswell, 468 S.E.2d at 88; Aetna, 455 S.E.2d at 232. We find no abuse of discretion by the district court in resolving the ambiguity with parol evidence.

Therefore, we affirm the district court's ruling that HRSD must pay for the uniformed police officer.

IV.

Glover cross-appeals the district court's ruling denying Glover's request for reimbursement for the cost of flagmen, signs, and other traffic control related costs. Glover argues that the requirements imposed upon them by the City were unreasonable. Glover argues that, under Vandergrift v. United States, 500 F. Supp. 229, 233 (E.D. Va. 1978), a party has the right to assume that other parties will do their duty and act reasonably in doing so. Vandergrift is a negligence case. Id. The City is not a party in this lawsuit, nor were they a party to the contract between Glover and HRSD. In its brief, Glover cites a string of cases without further explanation for the proposition that approving officials must conform their approvals to industry standards. We find nothing in these cases requiring HRSD to compensate Glover for costs associated with a permit issued by the City, particularly since HRSD specifically noted in the contract that Glover was responsible for obtaining the permit.

The district court found the flagmen issue was separate and distinct from the uniformed police officer issue. The district court noted the requirement to provide a uniformed police officer did not require further approval from the City, whereas the number of flagmen and other

5

traffic control devices were specifically set out in the contract as items for which the contractor would have to obtain approval. The district court agreed that the traffic control requirements placed upon Glover by the City were in many respects unreasonable; however, it found that Glover assumed this risk when it bid the contract.

We find the district court's ruling on this issue proper as a matter of law. The contract clearly required Glover to obtain and comply with the City's permit. HRSD made no representations as to the manner in which the City might act. Therefore, we affirm the district court's ruling that Glover assumed the risk that the City would impose unanticipated traffic control requirements.

V.

Glover also cross-appeals the district court's ruling denying Glover costs, fees, and pre-judgment interest. Glover argues that it was successful on its claim for reimbursement for the police officer; therefore, an award of costs, fees, and pre-judgment interest is necessary to make them whole.

Under Virginia law, it is within the discretion of the trial court to award prejudgment interest. See, e.g., United States v. Dollar Rent A Car Systems, 712 F.2d 938, 940-41 (4th Cir. 1983); Continental Insurance Co., v. City of Virginia Beach, 908 F. Supp. 341, 348 (E.D. Va. 1995); and VA. CODE ANN. § 8.01-382 (Michie 1998);see also Dairyland Ins. Co. v. Douthat, 449 S.E.2d 799, 801 (Va. 1994). The district court stated that because the disputes in this case were legitimate, it would not award costs, fees, or prejudgment interest.

We find that the district court's decision not to award prejudgment interest was not an abuse of discretion. Therefore, we affirm the district court's ruling denying Glover costs, fees, and pre-judgment interest.

VI.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.

6