**MORRIS LAW OFFICE,
P.C., Plaintiff,**

**v.**

**James Eddie TATUM, Ann Tatum,
and Tee Engineering Co.,
Inc., Defendants.**

**No. CIV.A. 3:03CV00035.**

United States District Court,
W.D. Virginia,
Charlottesville Division.

Feb. 3, 2005.

Peter Booth Vaden, Attorney at Law, Walton Davis Morris, Jr., Charlottesville, VA, for Plaintiff.

James Eddie Tatum, Trinidad, CO, pro se.

Ann Tatum, Trinidad, CO, pro se.

John E. Davidson, Davidson & Kitzmann, PLC, Charlottesville, VA, David Brian Rubinstein, Fredericksburg, VA, Joe F. Childers, Law Offices of Joe F. Childers, Lexington, KY, for Defendants.

## *MEMORANDUM OPINION*

MICHAEL, Senior District Judge.

This action involves a dispute between the plaintiff and the defendants over an alleged breach of their contract for legal services. By order dated July 10, 2003, this case was referred to the presiding United States magistrate judge for proposed findings of fact and a recommended disposition. The magistrate judge filed a report and recommendation on September 2, 2004, recommending that a portion, specifically $8,732.15, of the interpled funds under Count I of the complaint be distributed immediately to the plaintiff, Morris Law Office (MLO). By order dated September 10, 2004, this court adopted the magistrate judge's report and recommendation and ordered that the $8,732.15 be distributed to the plaintiff together with a pro rata share of the accrued interest on those funds.

On November 10, 2004, the magistrate judge issued his second and final report and recommendation in regard to this case, recommending that the court: (1) grant the plaintiff's and defendant Tee Engineering's motions for summary judgment on Count I; (2) deny, in part, the plaintiff's motion for summary judgment with respect to Count II, to the extent it seeks recovery of attorney's fees under the contract, but grant the motion to the extent that it seeks recovery of unreimbursed expenses under the contract; and (3) grant the plaintiff's motion for summary judgment with respect to Count III, for attorney's fees under the theory of quantum meruit. After a thorough examination of the applicable law, the parties' supporting memoranda, the report and recommendation, and the plaintiff's objections thereto,[1] this court adopts the analysis and findings of the magistrate judge. This opinion will only address the plaintiff's objection and Tee Engineering's requests for prejudgment interest and attorney's fees.

### I. FACTUAL BACKGROUND

The magistrate's report gives a detailed explanation of the pertinent facts in this case, so the court will only recount briefly the facts related to the issues discussed below. After the mining activities of Basin Resources, Inc. caused subsidence damage to their Colorado home, the Tatums hired an experienced attorney, Walton D. Morris, Jr. of Morris Law Office (MLO), to help them with administrative and judicial proceedings against Basin. After he had completed some legal work for the Tatums on an hourly basis, the Tatums asked Morris to help them with additional administrative and possible judicial proceedings against Basin. Morris drafted a contract to govern the remainder of his representation of the Tatums. After some discussion and negotiation, the Contract was executed on January 24, 2001.

The Contract provided, among other things, that the Tatums would pay MLO a contingency fee for its work, based on a

---

1. The Tatums filed untimely objections to the magistrate judge's report and recommendation on December 16, 2004. MLO moved to strike those objections as untimely, and the court granted that motion for reasons explained in its January 11, 2005 order. Therefore, the court will not consider the Tatums' objections.

graduated schedule depending upon which stage of the proceedings money was recovered. (Para.2.0.) It also stated that the Tatums would reimburse MLO for "all of [its] reasonable expenses incurred in connection with the work performed under this contract" within thirty days of billing. (Para.3.0). The contract provided, in paragraph 2.1(b), that if the Tatums terminated the contract prior to final judgment, then the Tatums would be immediately obligated to pay Morris a "partial attorney fee" of $250 per hour for his services and $50 per hour for paralegal assistance. This "conversion clause" also provided that "[t]he balance of Morris' total attorney fee shall be determined in accordance with [the contingency fee section] of this contract." Finally, paragraph 4.0 preserved the Tatums' right to terminate the contract "unilaterally at any time, for any reasons or for no reason," subject to the terms of paragraph 2.1(b). The contract provides that it shall be interpreted in accordance with Virginia law.

After the Tatums had received a settlement offer from Basin to cover the costs of the administrative proceeding, and after MLO had helped the Tatums secure a $622,000 judgement in a Colorado state trial court, the Tatums discharged MLO partly because of a dispute about unpaid bills of an expert witness, Tee Engineering (Tee). Because Basin has appealed the judgment of the trial court, the litigation is not yet final. MLO brought this action against the Tatums in federal court to recover its attorney's fees and expenses, including those owed to the expert witness.

## II. The Plaintiff's Objection Regarding Count II

Under Count II of the complaint, the plaintiff alleges that the Tatums breached paragraph 2.1(b) of the Contract by failing to pay it "partial attorney's fees" after discharging Morris prior to final judgment in the Colorado litigation. These fees totaled $151,312.50 plus prejudgment interest. The plaintiff also alleges that the Tatums breached paragraph 3.0 of the Contract by refusing to reimburse MLO for nominal out-of-pocket expenses incurred during the Colorado litigation, namely $1,213.44, plus prejudgment interest.

The magistrate judge found that paragraph 2.1(b), the "conversion clause," of the contract, was unenforceable under Virginia law, as articulated in *Heinzman v. Fine*, 217 Va. 958, 234 S.E.2d 282 (1977). In *Heinzman*, an attorney was terminated, without just cause, by the client in the middle of the representation, but the attorney still wanted to recover his contingency fee that he negotiated in their initial contract, even though the settlement was negotiated by a successor attorney. The court held that a client's right to discharge his attorney is compromised if he is liable for a contingency fee to both his former and current attorneys; therefore, the former attorney should only be able to recover his fee in quantum meruit. *Id.* at 964, 234 S.E.2d 282. Here, the magistrate judge found that the conversion clause in MLO's contract was unenforceable because it stated that, if discharged before final judgment, the Tatums would be liable to MLO for both his hourly fee and for a portion of his contingency fee. Even though MLO was not attempting to recover his contingency fee, the magistrate judge found that the clause of the contract was unenforceable under *Heinzman* and Virginia ethics rules. Therefore, MLO could not recover his hourly fee based on that section of the contract. Instead, MLO was only entitled to recover his attorney's fees on a quantum meruit basis.

MLO does not object to the magistrate judge's conclusion that the portion of paragraph 2.1(b) which provides for an additional fee based on the contract's contin-

gent fee calculus is unenforceable. But MLO does object to the magistrate judge's report to the extent that the report does not sever the unenforceable part of the contract from the remainder of paragraph 2.1(b). MLO argues that paragraph 2.1(b) can be enforced against the Tatums to the extent that it provides that MLO is due his hourly fee in the event of early termination. MLO states that only one sentence needs to be deleted, namely that which states: "The balance of Morris' total attorney fee shall be determined in accordance with subsection 2.0 of this contract."

 The court finds, however, that this sentence in the contract cannot be severed from the contractual provision which MLO seeks to enforce in Count II. "Generally, when a contract covers several subjects, some of whose provisions are valid and some void, those which are valid will be upheld if they are not so interwoven with those illegal as to make divisibility impossible." *Alston Studios, Inc. v. Lloyd,* 492 F.2d 279, 285 (4th Cir.1974) (*citing Bristol v. Dominion National Bank,* 153 Va. 71, 149 S.E. 632 (1929)). In this case, paragraph 2.1(b) represents a single indivisible "provision" of the contract. The paragraph describes how the "partial attorney's fee" will be computed hourly, and the "balance of Morris' total attorney fee" shall be computed according to a contingency basis. These two sentences are related and interwoven, and cannot be divided or construed independently.

Moreover, simply deleting the objectionable sentence in paragraph 2.1(b) would constitute "blue penciling," which is impermissible under Virginia law. "The difference between 'blue penciling' and severing is a matter of focus. The former empha-

sizes deleting, and in some jurisdictions adding words in a particular clause. The latter emphasizes construing independent clauses independently." *Roto–Die Co., Inc. v. Lesser,* 899 F.Supp. 1515, 1523 (W.D.Va.1995) (refusing to interpret Virginia law as permitting blue penciling); *see also Pitchford v. Oakwood Mobile Homes, Inc.,* 124 F.Supp.2d 958, 966 (W.D.Va.2000) (same). In addition, because the paragraph refers to a "partial attorney's fee," which MLO concedes is the total attorney's fee to which he is entitled, the word "partial" would have to be deleted from several sentences in the paragraph in order for the clause to make sense. This is exactly the kind of "blue penciling" that is prohibited under Virginia law. The court will not rewrite this contractual provision for the parties so that it will be enforceable. Therefore, all of paragraph 2.1(b) of the Contract must be held to be void.[2]

For the above reasons, the court OVERRULES the plaintiff's objection to the magistrate judge's report and recommendation.

### III. TEE'S REQUEST FOR PREJUDGMENT INTEREST AND ATTORNEY'S FEES

In its motion for summary judgment, Tee Engineering requests an award of $19,185.00 plus prejudgment interest, as well as its costs and attorney's fees incurred in prosecuting its counterclaim.

 The magistrate judge recommended that this court exercise its discretion to award prejudgment interest to run from a date selected by the court until the date of the court's judgment. The court agrees that this is an appropriate case for prejudgment interest, and finds that interest should run from the date on which

---

**2.** Note that the court only finds that paragraph 2.1(b) of the contract is void, but agrees with the magistrate judge that other separate provisions in the contract are enforceable.

Essentially, paragraph 2.1(b) can be severed from the remainder of the contract. Therefore, MLO is still entitled to recover its expenses under paragraph 3.0 of the contract.

Tee's final bill was due. Tee sent its final invoice to Morris on December 17, 2002. The Tatums must have received a copy of this invoice by December 24, 2002 because that is the date on which Morris filed their Bill of Costs, which included Tee's bill as an exhibit, with the Colorado Court. Under MLO's Contract, the Tatums were obligated to reimburse MLO for expenses, including for the cost of experts, within thirty days of the date on which Morris billed them. At the latest, the Tatums were notified of Tee's final bill on December 24, 2002, and so payment on that bill was due on January 24, 2003. Therefore, prejudgment interest should run from January 25, 2003 to the date of this judgment. The prejudgment interest rate due to Tee is that prescribed by the laws of Virginia— six percent. *See* Va.Code Ann. § 6.1–330.54 & § 8.01–382 (2004) (setting six percent interest rate); *United States v. Dollar Rent A Car Systems, Inc.*, 712 F.2d 938, 941 (4th Cir.1983) (federal courts who use their discretion to award prejudgment interest in diversity cases should apply the interest rate of the forum state).

In his report, the magistrate judge recommended that Tee receive a pro rata share of the interest that has accrued on its award since its deposit with the court, however, the magistrate did not consider that awarding Tee both its pro rata interest and prejudgment interest would be duplicative. Therefore, this court finds that Tee shall only receive prejudgment interest at a rate of six percent, but that Tee shall not also receive the pro rata share of interest that has accrued on the funds that have been held in the registry of the court.

■ Finally, in its motion for summary judgment, Tee requests an award of costs and attorney's fees incurred in prosecuting its counterclaim. However, Tee makes no legal arguments in its motion to support this request. Therefore, the court sees no

reason not to apply the American rule requiring each party to bear his own costs and attorney's fees. *See Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Resources*, 532 U.S. 598, 602, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001) (Courts usually follow the "American Rule," absent explicit statutory authority to the contrary.) Tee's request for attorney's fees and costs must be denied.

## IV. CONCLUSION

The court has reviewed all other parts of the magistrate judge's report and recommendation and has found no clear error. Therefore, the court will adopt the report and recommendation of the magistrate judge, as amended by this opinion. An appropriate order this day shall issue.

The Clerk of the Court hereby is directed to send a certified copy of this Memorandum Opinion to all counsel of record and to Magistrate Judge Crigler.

### FINAL ORDER

For the reasons stated in the accompanying Memorandum Opinion, it is this day

### ADJUDGED, ORDERED, AND DECREED

as follows:

1. The plaintiff's objection to the Report and Recommendation, filed November 15, 2004, shall be, and hereby is, OVERRULED.

2. The magistrate judge's Report and Recommendation, filed November 10, 2004, shall be, and it hereby is, ADOPTED.
*Count I:*

3. The plaintiff's and Tee Engineering's motions for summary judgment on Count I, shall be, and hereby are, GRANTED, to the extent that they seek distribution to Tee Engineering of $19,185.00 of the interpled funds together

with prejudgment interest at an annual rate of 6% from January 25, 2003 until the date of this judgment.

4. The court hereby DIRECTS the Clerk to distribute $19,185.00 of the funds now held in the Court's registry to Tee Engineering, together with prejudgment interest at an annual rate of 6% from January 25, 2003 until the date of this judgment.

5. Tee Engineering's motion for summary judgment hereby is DENIED to the extent that it seeks attorney's fees and costs for prosecuting its counterclaim.

***Count II:***

6. The plaintiff's motion for summary judgment on Count II is DENIED to the extent that it seeks an award of attorney's fees owed to MLO under the parties' contract, but GRANTED to the extent that it seeks unpaid expenses from the Colorado litigation under the contract.

7. The Tatums' motion for summary judgment is GRANTED with respect to the enforceability of paragraph 2.1(b) of the contract, but DENIED with respect to plaintiff's claim in Count II for reimbursement of expenses under paragraph 3.0 of the contract.

8. MLO hereby shall have and recover judgment against James Eddie Tatum and Ann Tatum, jointly and severally, for unpaid expenses under Count II, in the amount of $1,213.44 plus 6% prejudgment interest to run from the date of MLO's termination of employment, February 4, 2003,[1] until the date of this judgment. This judgment under Count II for unpaid expenses and prejudgment interest is to be paid first out of any funds that remain in the registry of the court,[2] and then according to law, with the total not to exceed $1,213.44 plus prejudgment interest.

***Count III:***

9. The court hereby GRANTS the plaintiff's motion for summary judgment on Count III, for quantum meruit relief, and the Tatums' motion for summary judgment on this count is DENIED.

10. MLO hereby shall have and recover judgment against James Eddie Tatum and Ann Tatum, jointly and severally, in the amount of $151,312.50 for unpaid attorney's fees, plus prejudgment interest at an annual rate of 6% from the date that MLO was terminated, February 4, 2003, until the date of this judgment.

11. The above-captioned civil action shall be STRICKEN from the active docket of the court.

The Clerk of the Court hereby is directed to send a certified copy of this Order and the accompanying Memorandum Opinion to Magistrate Judge Crigler and to all counsel of record.

1. On February 4, 2003, the Tatums filed a motion with the Colorado state court to allow Morris to withdraw as their attorney. The motion indicated that Morris "is not to represent Ann and Jim Tatum in anyway and he is released from any obligation to do any further work in this case." Exh. 87, First Declaration of Morris in Support of Plaintiff's Motion for Summary Judgment. The court considers this date MLO's date of termination.

2. The Clerk should first distribute from the court's registry $19,185 plus prejudgment interest to Tee Engineering, and then distribute any remaining funds as specified in paragraph 8 above.