## WHITE CO. v. WELLS.

### No. 5610.

Circuit Court of Appeals, Sixth Circuit.
July 2, 1930.

Paul H. Torbet, of Cleveland, Ohio, for appellant.

Sidney N. Weitz, of Cleveland, Ohio (L. W. Myron, of Cleveland, Ohio, on the brief), for appellee.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

PER CURIAM.

On June 24, 1927, appellant instituted proceedings to foreclose a chattel mortgage upon property of Weber, later a bankrupt. Judgment was entered August 6, 1927, for the amount of the indebtedness, and the mortgaged property was ordered sold. The proceeds of the sale were insufficient to satisfy the mortgage debt, leaving appellant an unsecured judgment creditor in a sum in excess of $950. Having discovered through a newspaper item that its debtor had certain funds on deposit with the Ohio Bank & Trust Company, garnishment proceedings in aid of execution were instituted on August 29, 1927, to obtain such funds, and on September 17, 1927, appellant received $953.25 in satisfaction of its judgment. On September 24, 1927, Weber was adjudicated a bankrupt. The present action is to recover this sum of $953.25 as a voidable preference. The trustee in bankruptcy secured a judgment in the court below.

It is obvious that no voidable preference was created by the action in foreclosure and the initial payment to appellant from the proceeds of sale of the mortgaged property; but as to the deficiency, judgment was entered and satisfaction secured within the four months preceding bankruptcy. This would create a voidable preference if, at the time of such satisfaction, Weber were insolvent and the appellant had reasonable cause to believe that the enforcement of such "judgment or transfer would effect a preference." Golden Hill Distilling Co. v. Logue, 243 F. 342, 348 (C. C. A. 6). But upon these questions we are now foreclosed. The action was for money only, normally triable to a jury. By agreement of counsel, a jury was waived, and the cause submitted to the court. No separate findings of fact and conclusions of law were requested or made, and no exception was taken either to a finding of fact, or to the court's conclusion of liability, upon the ground that there was no substantial evidence to support such finding or conclusion. This question is therefore not now open for consideration. May v. Marbury, 39 F.(2d) 438 (C. C. A. 6); General Motors Co. v. Swan Carburetor Co., 43 F.(2d) —— (C. C. A. 6, June 12, 1930). Appellant's contention as to the lack of such evidence cannot be sustained.

It is earnestly contended that the court erred in allowing the trustee in bankruptcy to recover interest from the date of appellant's receipt of the funds in question. Without discussing the several theories of justification for the recovery of interest, or whether such right depends upon the fact that the indebtedness is liquidated or unliquidated, we are of the opinion that, where the action is to recover the pecuniary value of the property transferred, that is, damages, interest should be computed from the date of the demand; lacking such demand, interest may be computed from the commencement of the action. Kaufman v. Tredway, 195 U. S. 271, 273, 25 S. Ct. 33, 49 L. Ed. 190. In the present case, therefore, interest should have been allowed only from September 27, 1928. It was in fact allowed

from September 17, 1927. Such interest upon the amount of principal recovered, for one year and ten days, would amount to $58.72. Should the appellee here, the plaintiff below, file in the District Court a remittitur in said amount of $58.72, within thirty days of this date, and procure said fact to be certified to this court, the judgment will be affirmed. Such remittitur not being filed, the judgment will be reversed. Neither party shall recover costs in this court.

The other assignments of error were fully considered, but are not deemed of such merit as to warrant discussion.