**In re PRODUCTION STEEL, INC., Debtor.**

**PRODUCTION STEEL, INC., Plaintiff,**

**v.**

**SUMITOMO CORPORATION OF AMERICA, Defendant.**

Bankruptcy No. 382–01255.
Adv. No. 384–0151.

United States Bankruptcy Court, M.D. Tennessee.

Feb. 7, 1986.

Margaret M. Huff, Chambers, Wyckoff & Beckner, Nashville, Tenn., for plaintiff.

David M. Smythe, King, Ballow & Little, Nashville, Tenn., for defendant.

Howard Joseph, Chicago, Ill., for defendant.

MEMORANDUM

KEITH M. LUNDIN, Bankruptcy Judge.

On December 23, 1985, this court entered judgment for the plaintiff, Production Steel, Inc., in this adversary proceeding to recover a preference. The court reserved the question whether plaintiff was entitled to prejudgment interest on the amount of its judgment. Having reviewed the briefs of the parties and relevant case law, I find that the plaintiff is entitled to prejudgment interest.

The following constitute findings of fact and conclusions of law. Bankruptcy Rule 7052. This is a core proceedings. 28 U.S.C. § 157.

The facts of this case are detailed in this court's prior decision, *Production Steel, Inc. v. Sumitomo Corporation of America*, 54 B.R. 417 (Bankr.M.D.Tenn.1985), and in the memorandum filed December 23, 1985.

It was well settled under the former Bankruptcy Act that the plaintiff in a preference action was entitled to prejudgment interest from the date recovery of the preference was demanded, or if no demand was made, from the date the adversary proceeding commenced. *See Kaufman v. Tredway*, 195 U.S. 271, 273, 25 S.Ct. 33, 34, 49 L.Ed. 190, 192 (1904); *Waite v. Second National Bank of Belvidere, Ill.*, 168 F.2d 984, 988 (7th Cir.1948); *White Co. v. Wells*, 42 F.2d 460 (6th Cir.1930); *Elliotte v. American Savings Bank and Trust Co.*, 18 F.2d 460, 462 (6th Cir.1927); *Alsop v. Conway*, 188 F. 568, 579 (6th Cir.) *cert. denied*, 223 U.S. 720, 32 S.Ct. 523, 56 L.Ed. 629 (1911); *American National Bank of*

*Nashville, Tenn. v. Miller,* 185 F. 338, 344 (6th Cir.1911) *aff'd,* 229 U.S. 517, 33 S.Ct. 883, 57 L.Ed. 1310 (1913). This rule has not been altered by decisions under the Bankruptcy Code. *See Becker v. Security National Bank (In re Four Seasons Sporting Goods, Inc.),* 46 B.R. 528, 12 BANKR.CT.DEC. (CRR) 964 (Bankr.N.D. Cal.1985); *Waldschmidt v. Rainier (In re Fulghum Construction Corp.),* 45 B.R. 112, 11 COLLIER BANKR.CAS.2d (MB) 1378 (Bankr.M.D.Tenn.1984); *Bakst v. Presley (In re E.D. Prelsey Corp., Ltd.),* 44 B.R. 781, 784 (Bankr.S.D.Fla.1984); *In re Roco Corp.,* 37 B.R. 770, 774 (Bankr.D.R.I. 1984); *Merrill v. Abbott (In re Independent Clearing House Co.),* 41 B.R. 985, 1015, 12 BANKR.CT.DEC. (CRR) 44, 11 COLLIER BANKR.CAS.2d 196 (Bankr.D. Utah 1984) (collecting cases).

The Bankruptcy Code provides that a trustee who avoids a transfer under § 547 may recover the property transferred or "the value" of the property. 11 U.S.C. § 550(a). This wording suggests that interest is recoverable from the date the preferential transfer occurred rather than from the date of demand. There are cases which support this interpretation; however, the courts awarding interest from the date of transfer generally have found special circumstances such as blatant fraud or bad faith in connection with the transfer. *See Gould v. Nathans,* 1 F.2d 458 (D.Mass. 1924). In *Independent Clearing House* Judge Allen appropriately explained:

> The allowance of interest from the date demand is made or a proceeding instituted, rather than the date of the transfer, is based on the idea that until such time the preferred creditor cannot be said to hold the property wrongfully.... A transaction which results in a voidable preference is lawful when made but subject to the possibility of being defeated by subsequent events. It continues to be lawful ... until the trustee exercises his election and makes demand for the transfer.

*Independent Clearing House, supra,* 41 B.R. at 1015. (citations omitted).

Section 550(a) gives courts wide discretion to award prejudgment interest in preference cases. Absent a showing of fraud or bad faith, prejudgment interest in a preference action should be awarded from the date of initial demand or if no demand is made, from the date of commencement of the recovery action. In this case the defendant did not act in bad faith and has not attempted any manner of fraud; therefore, plaintiff is entitled to prejudgment interest from April 20, 1984, the date it filed this adversary proceeding.

Defendant admits the rule allowing prejudgment interest is well settled but argues that the equities of this case favor exception from the general rule. Its arguments are simply an attempt to restate facts which have previously been found in plaintiff's favor. Prejudgment interest is compensatory in nature and is allowed where necessary to make the prevailing party whole. *Independent Clearing House,* 41 B.R. at 1015. Although defendant is not a "wrongdoer" in the sense discussed in *Gould v. Nathans, supra,* it should not be permitted to maintain the time value of the moneys it withheld to the detriment of plaintiff's other unsecured creditors.

It is necessary to determine the applicable prejudgment interest rate. The rule in this district has been that the rate of prejudgment interest is equal to the coupon issue yield equivalent (as determined by the Secretary of the Treasury) of the average accepted auction price for the last auction of 52 week U.S. Treasury Bills settled immediately prior to the date of demand. *See In re Fulghum Construction Corp.,* Adv. No. 380–0081 (Bankr.M.D. Tenn. Jan. 7, 1985); and *see* 28 U.S.C. § 1961 (post-judgment interest). No convincing reason to abandon this rate has been advanced by any party.

An apropriate order will be entered.