64 B.R. 125 (1986)
In the Matter of Gary Lee NEWMAN, Debtor.
Thomas L. WILLIAMS, trustee in bankruptcy, Plaintiff,
v.
E.A. MARTIN MACHINERY CO., Defendant.
Bankruptcy No. 85-00710-SW, Adv. No. 85-0660-SW.
United States Bankruptcy Court, W.D. Missouri, Southwestern Division.
June 20, 1986.
Thomas Lynn Williams, Roberts, Fleischaker & Scott, Joplin, Mo., for plaintiff.
William L. Mauck, Yates, Mauck, Bohrer & Elliff, P.C., Springfield, Mo., for defendant.

ORDER DENYING MOTION FOR STAY PENDING APPEAL
DENNIS J. STEWART, Chief Judge.
This court issued a final judgment on April 10, 1986, in favor of plaintiff, directing that the defendant repay to plaintiff the sum of $20,000, the equivalent in value of a postpetition transfer under section 549 of the Bankruptcy Code, plus interest at 9% per annum from the date of the transfer, March 11, 1985. The defendant filed a notice of appeal from the judgment. On the same date, it filed a motion for stay pending appeal, stating only that it "believes that it has a meritorious appeal and that such appeal is not taken to hinder or delay the process of this Court"; that "(t)o require Defendant to comply with the Judgment prior to a disposition of the appeal would be an extreme hardship on Defendant due to the significant amount of *126 money involved"; and that "Defendant does not believe that it has been required to pay funds to the trustee which are necessary for the continuation of the business operations of the Debtor or for the effective administration of the estate of the Debtor."
If there is no reasonable likelihood of success on appeal, however, it is patent that the stay pending appeal should not be granted. Accordingly, this court issued its order on May 22, 1986, stating that "a paramount factor in determining whether a stay should be granted pending appeal is the likelihood of success on appeal. The opinion issued by this court on April 10, 1986, in support of its judgment attempted carefully to set out the legal authorities which dictated the result. In the absence of opposed legal authority, it appears that there can be little likelihood of success on appeal." Therefore, the court directed the defendant to show cause in writing within 15 days why the motion for stay pending appeal should not be denied.
In response to that order, the defendant stated that there were two bona fide and meritorious issues: (1) the issue of whether interest should apply from the date of the prohibited transfer, March 11, 1985, or from the date of the commencement of the adversary action and (2) the issue of whether the prior settlement by the trustee of an action against the wife of the debtor for $5,000 should not be counted against the liability of the defendant to the estate.
With respect to the first contended genuine issue, the defendant states as follows:
"The final judgment entered by this Court ordered the Defendant to pay interest on the sum of $20,000, the alleged value of the item that was found by the Court to be the subject of a prohibited postpetition transfer. Such interest was to be payable from March 11, 1985 which is the date of the transfer. The Court, in support of this award of interest, believes that it is exercising its equitable powers to award the trustee interest and costs. However, the interest upon a voidable preference recovered by a trustee in bankruptcy should be computed from the date of demand for its return. Kaufman v. Tredway, 195 U.S. 271, 49 L.Ed 190, 25 S.Ct. 33 (1904); White Co. v. Wells, 42 F.2d 460 (CA6 Ohio 1930); Feinblatt v. Block, 456 F.Supp. 776 (1978, FC Md.). If no evidence was introduced as to the date of demand by the trustee, then interest should only accrue from the date of the commencement of the suit to recover the item. The trustee filed such suit on November 12, 1985. Therefore, interest on any sum Defendant is finally required to pay to the Trustee as a result of this adversary proceeding should only accrue from the date of commencement of this action."
The recovery awarded to the plaintiff trustee in this action, however, was not of a preference, but of a prohibited postpetition transfer. With respect to such a transfer, the authorities clearly hold that interest is to run from the date of the transfer. A similar contention to the effect that, as in preference actions, the interest should run only from the commencement of the action was rejected in In re P & Z Island Farms, Inc., 478 F.Supp. 529, 533, 534 (S.D.N.Y. 1979), in which the court pointed out:
"Appellant's . . . contention is that, assuming the Trustee is entitled to recovery of the property, interest should be assessed from the date of the commencement of the recovery action, not from the date of the transfer. However . . ., appellant again cites authority derived from preference actions. To repeat, preference actions involve a specialized type of procedure for recovery of property; their procedure is not applicable here. "In this case, where a turnover pursuant to the summary jurisdiction of the court is involved, the court is deemed to have possession of and title to the property as of the date the petition in bankruptcy is filed. Any wrongful transfer occurring after this date violates the ownership interest of the court . . . In light of this statement of the law, we affirm the decision of the court below to grant interest *127 from the date of the wrongful transfer . . . "
See also In re Independent Clearing House Co., 41 B.R. 985, 1016 (Bkrtcy.D. Utah 1984) ("For voidable postpetition transfers, prejudgment interest generally runs from the date of the transfer."); Kass v. Doyle, 275 F.2d 258, 263 (2d Cir.1960) ("If the district court concludes . . . that any part of Kass' (postpetition) fee should be returned to the trustee, interest may be awarded from the date of receipt of such part of the fee."). Thus, the defendant's contention in this regard is patently without merit and cannot be regarded as a showing of any likelihood of success on appeal.
The other potential issue is not one on which the defendant has cited any authority. It seems to be to the effect that, under section 550 of the Bankruptcy Code, the defendant is entitled to set off against the trustee's recovery a sum of $5,000 which the trustee accepted as full compromise and settlement of an earlier case against the debtor's wife for an allegedly fraudulent transfer. In the hearing of this adversary action, this contention was not the subject of any specific evidence which would have shown that the settlement of the action against the debtor's wife was on account of the same transfer as was involved in this action. Therefore, in ruling on these general assertions, the court, in its challenged judgment of April 10, 1986, stated as follows:
"It is finally contended that the prior compromise and settlement of the estate's potential claims against the debtor somehow acts to release the transferee in this action  that the property transferred must, in view of the prior compromise and settlement, be regarded as the portion of the debtor's property which the trustee agreed not to consider property of the estate. But the prior compromise and settlement did not purport in any manner to release any claim which the trustee might have against the defendant in the action at bar. And the governing statute specifically provides that the trustee may recover a transfer avoidable under section 549, supra, from the transferee. See section 550(a) of the Bankruptcy Code. Accordingly, this defense must be rejected."
Now, for the first time, the defendant raises the contention that the debtor's wife was in some way an intermediate transferee who, under the provisions of section 550 of the Bankruptcy Code, is also liable on the same transfer. But there is no evidence to suggest this. The files and records in this court show that the only adversary action previously brought by the trustee against the debtor's wife was Williams v. McWilliams, Adversary Action No. 85-0240-SW (Bkrtcy.W.D.Mo. Oct. 17, 1985), which was alleged to have been on account of a prepetition preferential transfer of February 19, 1985, of "the sum of $5,900.00." There is no indication in the files and records in this case that the challenged transfer was of the same value or the same chattel which was the subject matter of this action. And, in order to sustain a defense based upon section 550's prohibition of double recovery by the trustee, the burden is on the defendant to show clearly that the trustee partially recovered the debt from another party.[1] That burden has not been met in this action and this contention is therefore clearly without merit.
It is somehow suggested that the debtor and his wife have some liability to it for "failing to inform Defendant of the petition for relief that had been filed prior to the postpetition transfer. The Court should note that she was a party to the postpetition transfer of the item to E.A. Martin and received the benefit of the $20,000 trade-in *128 allowance as a credit to the agreement she co-signed to purchase the new piece of equipment. By the Trustee accepting the payment from the Debtor and his wife, it would appear that such payment would be a satisfaction of amounts owed to the estate due to the postpetition transfer. Why else would these funds be paid by Mrs. McWilliams?" The only benefit which the debtors received by means of any of these actions was the discharge in bankruptcy of the $20,000 indebtedness to E.A. Martin which the law afforded them even without these actions. Nor was E.A. Martin to any extent injured beyond the discharge in bankruptcy of the $20,000 indebtedness for which the law of bankruptcy itself provides. In fact, to permit the postpetition transfer to stand would mean that E.A. Martin would inflict injury on the other creditors of the debtors by reason of its receiving 100% payment of the sum due it through estate administration, while the other creditors would presumably receive much less. The contention that only such an unequal distribution would conform to the canons of justice is quite frivolous.
Accordingly, on the basis of the foregoing contentions and considerations, the court concludes that the appeal is frivolous and there is no reasonable likelihood of success on appeal and it is therefore
ORDERED that the motion for stay pending appeal be, and it is hereby, denied.[2]
NOTES
[1] "The burden of proving by a preponderance of the evidence whatever facts are necessary to establish a right of action for contribution rests upon the party who has the affirmative of that issue, and the general rule is that in order to recover he must prove both that there was a common burden of debt and that he has, as between himself and those from whom he seeks contribution, paid more than his fair share of the common obligation." 18 Am.Jur.2d Contribution sec. 125, p. 128 (2d ed. 1985).
[2] As a matter which is wholly unrelated to the issue at bar, creditors holding joint obligations against a debtor in bankruptcy and a spouse not in bankruptcy may attempt to levy against joint property in the manner described in In re Magee, 415 F.Supp. 521 (W.D.Mo.1976). See Matter of Anderson, 12 B.R. 483 (Bkrtcy.W.D.Mo. 1981).