In re SOUTHERN INDUSTRIAL
BANKING CORPORATION,
d/b/a Daveco, Debtor.

Thomas E. DuVOISIN, Liquidating
Trustee, Plaintiff,

v.

Hugh G. and Hazel ANDERSON, et
al., Defendants.

Bankruptcy No. 3–83–00372.

United States Bankruptcy Court,
E.D. Tennessee.

June 30, 1987.

Mary Ann Testerman, Knoxville, Tenn., John A. Lucas, Jeffrey S. Norwood, Hunton & Williams, Knoxville, Tenn., J. Thomas Jones, Doris C. Allen, Bernstein, Susano, Stair & Cohen, Knoxville, Tenn., for plaintiff.

Wagner & Myers, Knoxville, Tenn., for defendants.

## MEMORANDUM

CLIVE W. BARE, Bankruptcy Judge.

### I

In these consolidated preference actions, 11 U.S.C.A. § 547 (West 1979), plaintiff is the liquidating trustee of a trust established under the chapter 11 modified plan of reorganization confirmed by the court in the Southern Industrial Banking Corporation ("SIBC") case. Defendants, the former holders of investment certificates sold by SIBC, received full or partial payment from SIBC on their investment certificates within the 90-day period preceding the filing of the SIBC Chapter 11 petition.[1]

The liquidating trustee has moved the court for summary judgment on the following issues:

(1) That all statutory elements of a preferential transfer under 11 U.S.C.A. § 547(b) (West 1979) have been established.

(2) That the court's prior rulings dispose of all of defendants' defenses, except the "45-day ordinary course of business" exception created by 11 U.S.C.A. § 547(c)(2) (West 1979), which plaintiff asserts is not applicable to all cases.

Some defendants insist that, although the Bankruptcy Code does not require notice of SIBC's bankruptcy proceeding, the United States Constitution in the form of the Fifth Amendment does. These defendants have moved for summary judgment on this issue.

Additionally, if all the elements of a preference have been established, some defendants likewise seek summary judgment on whether their resulting claims against SIBC are nondischargeable due to constitutional violations in the bankruptcy proceedings. More specifically, these defendants assert:

(1) That any judgment entered would be void due to the failure to provide defendants notice of SIBC's bankruptcy proceedings or, (2) in the alternative, defendants' resulting claims against SIBC are nondischargeable.

Among the proceedings defendants say they did not receive notice of, and hence had no opportunity to be heard, are *inter alia*, the Section 341 meeting of creditors, the hearing on the adequacy of the disclosure statement, the confirmation hearing and the deadlines for voting on the plan of reorganization, and the date fixed for the filing of proofs of claims (e.g., see defenses numbered 8 and 11, Adversary Proceeding No. 3-84-0186, Answer filed September 14, 1984, as amended November 9, 1984).

### II

The elements of a preferential transfer are set forth at Bankruptcy Code § 547(b), Title 11, United States Code, and are as follows:

(1) transfer of debtor's property;

(2) made to or for the benefit of a creditor;

(3) for or on account of an antecedent debt;

(4) made while the debtor was insolvent;

(5) made on or within ninety (90) days before the date of the filing of the petition;[2]

(6) which transfer enables the creditor to receive more than such creditor would have received if the case were a case under Chapter 7, if the transfer had not been made, and if such creditor received payment pursuant to the provisions of Title 11. *See, e.g., Norwood v. Crabtree (In re Crabtree)*, 39 B.R. 713 (Bankr.E.D. Tenn.1984).

The court finds that each element of a preferential transfer has been established. Specifically, a transfer of debtor's property was made, in the form of a check written on SIBC's account to the defendants.

---

1. This is a core proceeding as defined in 28 U.S.C.A. § 157(b)(2)(F) (West Supp.1986) and, pursuant to 28 U.S.C.A. § 157(b)(1) (West Supp. 1986), this court may hear and determine all core proceedings arising in a case under Title 11 referred under 28 U.S.C.A. § 157(a) (West Supp.

1986) and may also enter appropriate orders and judgments.

2. "Insider" transfers are not involved. Compare Section 547(b)(4)(A) and (B).

These transfers were made to or for the benefit of the defendants by virtue of the defendants' purchases of investment certificates from SIBC. These investment certificates represented obligations of SIBC to repay debts thereby meeting the required element of antecedent debts. The debtor has been found to be insolvent at the time of the transfers,[3] and the transfers to the defendants were within ninety (90) days prior to the March 10, 1983 filing of the Chapter 11 petition. Finally, the affidavit of Thomas E. DuVoisin, Liquidating Trustee, and the plan confirmed by this court establish that these creditors, by receiving the payments set forth, received more than they would have received if the case were a case under Chapter 7, the transfers had not been made, and such creditors received payment to the extent provided by Title 11.

Thus, as set forth herein, the necessary elements of a preferential transfer have been established. There remaining no genuine issues as to any material fact respecting the elements of a preferential transfer, the liquidating trustee is entitled to a judgment as a matter of law upon this issue.

### III

In a Memorandum and Order entered September 16, 1986, this court held among other things:

(1) Defendants are not "creditors" as contemplated by 11 U.S.C.A. § 101(9)(A) (West 1979) of the Bankruptcy Code and therefore not entitled to notice of the bankruptcy proceedings.

(2) If defendants are parties in interest, lack of formal notice to them will not bar plaintiff's claim.

The court reserved in its ruling whether lack of notice denied them equal protection and due process, because at that time it had not been determined whether defendants had actually received preferences. As this has now been established, the court will look at the constitutional issues raised by defendants.

If the liquidating trustee recovers the preferential transfers, defendants' resulting claims against the bankruptcy estate arising under 11 U.S.C.A. § 502(h) (West 1979) will be subject to SIBC's confirmed plan of reorganization. Under the terms of the confirmed plan defendants' claims will be discharged pursuant to 11 U.S.C.A. § 1141 (West 1979) and the defendants will be entitled to recover the same amounts as creditors of the same class.

Defendants say they had no formal notice of or right to comment, vote, or participate in hearings on the debtor's plan of reorganization and its confirmation. This, defendants assert, is violative of the Fifth Amendment.

The Fifth Amendment to the United States Constitution states in pertinent part:

No person shall ... be deprived of life, liberty or property, without due process of law....

As explained by the U.S. Supreme Court:

An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.... The notice must be of such nature as reasonably to convey the required information.

*Mullane v. Central Hanover Bank,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950).

Defendants correctly point out that a lack of notice and an opportunity to be heard before deprivation of property is violative of due process. Defendants further assert that a lack of notice and an opportunity to be heard on the plan is violative of their Fifth Amendment rights. In support of their argument, defendants cite *Reliable Electric Co., Inc. v. Olson Construction Co.,* 726 F.2d 620 (10th Cir.1984).

In *Reliable,* Olson Construction Company, an unscheduled claimant, had actual knowledge of the debtor's reorganization proceedings but did not receive any formal notice of the proceedings, including notice

---

**3.** *See DuVoisin v. Anderson (In re Southern Indus. Corp.),* 71 B.R. 351, Consolidated Adversary, Memorandum and Order, (Bankr.E.D. Tenn.1987).

of the confirmation of the debtor's plan of reorganization. Reliable, the debtor therein, filed suit for breach of contract against Olson after filing its bankruptcy petition. Reliable's claim was later dismissed, but Olson recovered on its counterclaim. After confirmation of the plan, the debtor moved to have Olson's claim discharged pursuant to the confirmed plan. The court held that a discharge of Olson's claim would violate their Fifth Amendment right to due process of law.

The case can be easily distinguished. *Reliable* involved a prepetition claim for breach of contract that arose before the order for relief had been entered against the debtor. In the present case, there is no prepetition claim arising prior to the entry of the order for relief; instead, any claim arises at such a time as the liquidating trustee recovers and collects a judgment for a preferential transfer.

 Defendants fail to recognize the actual nature of these bankruptcy proceedings. These "proceedings" involve two separate actions and claims: 1) The liquidating trustee's preference action and recovery under §§ 547 and 550 against the defendants, and 2) the defendants separate and distinct claims under 11 U.S.C.A. § 502(h) (West 1979) against the bankruptcy estate. It is critical to note that a "taking" of property, as contemplated by the Fifth Amendment which requires due process standards, occurs only in the recovery of the preferential transfers to the defendants. Property can be "taken" at this point, and at this point only. It cannot be "taken" again. Thus, the second proceeding in this scenario, the defendants' recovery against the bankruptcy estate, is not a "taking." If property is to be "taken," it will be "taken" in the adversary proceedings which have afforded the defendants more than adequate notice and an opportunity to be heard, through multiple hearings and trials lasting over two years.

Defendants' claims against the bankruptcy estate are after the "taking." Due process is not involved. They have no claims against the estate until the liquidating trustee recovers the transfers. Defendants have previously been determined not to be "creditors" under 11 U.S.C.A.

§ 109(a) (West 1979) and therefore had no right under the Bankruptcy Code to notice. The Fifth Amendment does not alter this finding, as no property is taken from these defendants until after judgments are entered in the adversary proceedings.

The implication of defendants' position would completely alter bankruptcy proceedings as now provided by statute. If notice and hearing provisions are to be extended to the entire universe of "possible claimants," that is a policy decision for the Congress to make. Defendants seek what most persons constitutionally deprived of property would not assert: additional protection while they recover some of their already taken property. Although this may be ideal, it is not constitutionally required by the Fifth Amendment.

Judgment on the issue of "ordinary course of business" exception, § 547(c)(2), is reserved.

Plaintiff's motion for summary judgment that all elements of a preferential transfer have been established is GRANTED. 11 U.S.C.A. § 547(b) (West 1979). Defendants motion on the issue of "lack of notice" is DENIED. Judgment on this issue is GRANTED in favor of the liquidating trustee.