In re SOUTHERN INDUSTRIAL BANKING CORPORATION, Debtor.

Thomas E. DuVOISIN, Liquidating Trustee, Plaintiff,

v.

William and Hazel ANDERSON, et al., Defendants.

Bankruptcy No. 3–83–00372.

United States Bankruptcy Court, E.D. Tennessee.

April 22, 1988.

As Corrected May 3, 1988.

MEMORANDUM

KEITH M. LUNDIN, Bankruptcy Judge, Sitting by Designation.

The questions presented are whether the post-confirmation liquidating trustee is entitled to pre- and/or post-judgment interest on preference recoveries, and if so, from what date(s) and at what rate(s). The liquidating trustee is entitled to pre- and post-judgment interest as indicated.

The following constitute findings of fact and conclusions of law. Bankr.R. 7052. This is a core proceeding. 28 U.S.C. § 157(b)(2)(F).

## I.

Southern Industrial Banking Corporation ("SIBC") was formed in Tennessee in 1929 as a "Morris Plan Bank," and converted its charter in 1951 to become an industrial loan and thrift company. SIBC was not a bank.[1] It accepted "deposits" from investors and issued debt instruments in various forms—investment certificates, passbook accounts and thrift certificates. SIBC also made loans.

SIBC filed Chapter 11 on March 10, 1983. On November 28, 1983 a liquidating plan of reorganization was confirmed which designated a "liquidating trustee" to receive certain claims and causes of action of the debtor, including all potential preference actions.

The liquidating trustee filed hundreds of § 547 complaints against depositors who redeemed their investments on the eve of the SIBC bankruptcy. On May 23, 1985, Judge Clive Bare consolidated more than 900 preference proceedings to decide common issues. Before retiring from the bench on July 1, 1987, Judge Bare conduct-

---

1. *DuVoisin v. Anderson (In re Southern Indus. Banking Corp.)*, 59 B.R. 978 (E.D.Tenn.1986).

ed trials and entered orders resolving many important and difficult issues of fact and law common to these consolidated preference actions. *See, e.g., DuVoisin v. Anderson (In re Southern Indus. Banking Corp.),* 71 B.R. 351 (Bankr.E.D.Tenn. 1987) (SIBC was insolvent at all times during the preference period); *DuVoisin v. Anderson (In re Southern Indus. Banking Corp.),* 66 B.R. 370 (Bankr.E.D.Tenn. 1986) (preference actions would be tried without a jury); *DuVoisin v. Anderson (In re Southern Indus. Banking Corp.),* 66 B.R. 349 (Bankr.E.D.Tenn.1986) (summary judgment on 12 issues including jurisdiction, constitutionality of bankruptcy judges' terms of office, eligibility of debtor, standing, laches, effect of plan on pending adversary proceedings).

The liquidating trustee has established the elements of preference under 11 U.S.C. § 547(b). *DuVoisin v. Anderson (In re Southern Indus. Banking Corp.),* 88 B.R. 174, (Consolidated Adversary Proceedings) (Bankr.E.D.Tenn.1987). Remaining for resolution are defenses under 11 U.S.C. § 547(c). Several hundred adversary proceedings have concluded by agreements and by default and many await the entry of final judgments, lacking only the calculation of pre- and/or post-judgment interest.

## II.  POST–JUDGMENT INTEREST

■ Post-judgment interest is required by statute: "Interest shall be allowed on any money judgment in a civil case recovered in a district court...." 28 U.S.C. § 1961 (1988). Post-judgment interest is mandatory in this circuit. "This provision mandates the imposition of post-judgment interest, thus removing the award of such interest from the discretion of the District Court." *Bricklayers' Pension Trust Fund v. Taiariol,* 671 F.2d 988, 989 (6th Cir.1982). *Accord Bailey v. Chattem, Inc.,* 838 F.2d 149, 155 (6th Cir.1988); *Clissold v. St. Louis–San Francisco Railway,* 600 F.2d 35, 39 n. 3 (6th Cir.1979); *Blair v. Durham,* 139 F.2d 260, 261 (6th Cir.1943).

■ Section 1961 applies in adversary proceedings in the bankruptcy courts. As explained in *Firestone Tire & Rubber Co. v. Goldblatt Bros. (In re Goldblatt Bros.),* 61 B.R. 459, 466 n. 4 (Bankr.N.D.Ill.1986):

... [T]he bankruptcy courts of a particular judicial district are units of the district court. 28 U.S.C. § 151 (Supp.1985). Therefore, 28 U.S.C. § 1961 (Supp.1985), applies to judgments rendered in the bankruptcy court.

*See St. Paul Fire & Marine Ins. Co. v. Vaughn,* 779 F.2d 1003, 1010 (4th Cir.1985); *Ford v. Alfaro,* 785 F.2d 835, 842 (9th Cir.1986).

The liquidating trustee is entitled to interest from the date of entry of judgment. 28 U.S.C. § 1961(a) ("Such interest shall be calculated from the date of the entry of the judgment."). *See also United States v. Bank of Celina,* 823 F.2d 911, 914 (6th Cir.1986).

The rate of post-judgment interest is controlled by 28 U.S.C. § 1961:

Interest shall be calculated ... at a rate equal to the coupon issue yield equivalent (as determined by the Secretary of the Treasury) of the average accepted auction price for the last auction of fifty-two week United States Treasury bills settled immediately prior to the date of the judgment.

*See Bailey v. Chattem, Inc.,* 838 F.2d at 155; *FDIC v. Woods,* 758 F.2d 156, 157 (6th Cir.1985); *United Am.Fin.Corp. v. Knoxville Properties (In re United Am.Fin. Corp.),* 55 B.R. 117, 120 (Bankr.E.D.Tenn. 1985).

## III.  PREJUDGMENT INTEREST

■ Pre-judgment interest in preference litigation, though not mandated by statute, has been sanctioned by the United States Supreme Court at least since 1904. In *Kaufman v. Tredway,* 195 U.S. 271, 25 S.Ct. 33, 49 L.Ed. 190 (1904), one of the earliest Supreme Court cases interpreting the preference section (Section 60) of the Bankruptcy Act of July 1, 1898, the Supreme Court reversed the Superior Court of the State of Pennsylvania on its denial of a set off for credit given subsequent to receipt of a preferential payment, but the Court observed without equivocation that

the trustee was entitled to prejudgment interest on the preference judgment, not of the later credit:

> We see no reason to doubt the propriety of allowing interest on the claim from the commencement of the action. Such commencement is itself a demand.

*Kaufman*, 195 U.S. at 273, 25 S.Ct. at 84.

Based on *Kaufman*, it has long been the rule in this circuit that a trustee in bankruptcy is entitled to prejudgment interest on preference recoveries. In *White Co. v. Wells*, 42 F.2d 460 (6th Cir.1930), the United States Court of Appeals for the Sixth Circuit affirmed, with a modest remittitur, the recovery of money garnished from a bankrupt's bank account within the four month preference period then applicable. The lower court awarded interest on the preference judgment from the date the defendant obtained funds by garnishment. On appeal, the Sixth Circuit affirmed the award of prejudgment interest, adjusting only the commencement date:

> It is earnestly contended that the court erred in allowing the trustee in bankruptcy to recover interest from the date of appellant's receipt of the funds in question. Without discussing the several theories of justification of the recovery of interest, or whether such rights depend upon the fact that the indebtedness is liquidated or unliquidated, we are of the opinion that, where the action is to recover the pecuniary value of the property transferred, that is, damages, interest should be computed from the date of the demand; lacking such demand, interest may be computed from the commencement of the action.

*White Co. v. Wells*, 42 F.2d at 460. *Accord Elliotte v. American Savings Bank & Trust Co.*, 18 F.2d 460, 462 (6th Cir.1927) (citing *Kaufman v. Tredway*, allows prejudgment interest on a preference recovery "at the Tennessee rate from the date of commencement of this suit"). *See American Nat'l Bank v. Miller*, 185 F. 338, 344–45 (6th Cir.1911) (citing *Kaufman v. Tredway*, allows prejudgment interest from commencement of a preference action over

objection that inclusion of interest causes judgment to exceed ad damnum clause).

Other circuit courts of appeals have allowed prejudgment interest on preference recoveries. *See, e.g., Smith v. Mark Twain Nat'l Bank*, 805 F.2d 278 (8th Cir. 1986) (prejudgment interest on preference and § 553 set off); *Palmer v. Radio Corp.*, 453 F.2d 1133 (5th Cir.1971) (interest on preference judgment from demand or date of commencement of action); *Salter v. Guaranty Trust Co.*, 237 F.2d 446 (1st Cir.1956) (interest on preference from date of suit); *Waite v. The Second Nat'l Bank*, 168 F.2d 984 (7th Cir.1948) (interest allowed from date of demand); *Larkin v. Welch*, 86 F.2d 442 (7th Cir.1936) ("where no demand is made for return of preference, interest should be allowed from date suit instituted").

The bankruptcy courts in both the Eastern and Middle Districts of Tennessee have awarded prejudgment interest in preference litigation. *Martin v. Strong (In re Butcher)*, No. 385–1050 slip op. (Bankr.E.D.Tenn. Jan. 12, 1988) (same prejudgment interest rule under 11 U.S.C. §§ 547 and 548); *Dickenson v. Van Solkema Farms, Inc. (In re East Tennessee Produce Co.)*, No. 386–0252 slip op. (Bankr.E.D.Tenn. Aug. 19, 1987); *Waldschmidt v. Ranier (In re Fulghum Constr. Co.)*, 45 B.R. 112 (Bankr.M.D.Tenn.1984) *aff'd*, 78 B.R. 146 (M.D.Tenn.1987); *Production Steel, Inc. v. Sumitomo Corp. of America (In re Production Steel, Inc.)*, 60 B.R. 4 (Bankr.M.D. Tenn.1986); *In re H & S Transp. Co.*, 78 B.R. 519 (Bankr.M.D.Tenn.1987). As District Judge Higgins explained in *Fulghum Constr. Co.*, 78 B.R. at 153 (M.D.Tenn. 1987):

> The purpose of awarding interest is to compensate the wronged person for deprivation of the monetary value of the loss from the time of the loss to the payment of the money judgment. *Turner v. Japan Lines, Ltd.*, 702 F.2d 752 (9th Cir. 1983). Preference actions are not exempt from the imposition of prejudgment interest and there is a long history of judicial support for awards of prejudgment interest in preference actions. *E.g., Kaufman v. Tredway*, 195 U.S. 271,

273, 25 S.Ct. 33, 34, 49 L.Ed. 190 (1904); *Foreman Industries, Inc. v. Broadway Sand & Gravel,* 59 B.R. 145, 155 (Bankr. S.D.Ohio 1986); 3 Collier on Bankruptcy # 60.63[1], at 1129 (14th ed.1977). Generally, interest should be paid from the time a demand was made for a return of the property, or, in the case where no demand was made, from the date the complaint was filed to the entry of the judgment. *E.g., Kaufman v. Tredway,* 195 U.S. at 273, 25 S.Ct. at 34; *Foreman Industries, Inc. v. Broadway Sand & Gravel,* 59 B.R. at 156.

There is compelling logic to the award of prejudgment interest in this preference litigation. By the happenstance of the timing of withdrawal, these defendants removed their cash deposits from SIBC on the eve of the Chapter 11 case in 1983. Hundreds of equally deserving depositors did not withdraw their money and found their cash "trapped" in the debtor-in-possession and now subject to the terms of the confirmed plan of reorganization. Demand was made on all preference defendants to return the monies withdrawn on the eve of bankruptcy for distribution to all creditors on the equitable bases fixed by the Bankruptcy Code and confirmed plan. The estate has been denied the use value of the preferential withdrawals for the years since demand and the other depositors have doubly suffered—they have been without the use value of their own deposits and they have lost their shares of the use value that would have accrued to the estate had these defendants regurgitated their preferential withdrawals. To require return of preferential withdrawals without prejudgment interest would allow the consolidated preference defendants to keep the benefits of their litigation strategy at the expense of the estate and other depositors. Prejudgment interest corrects these inequities and serves the fundamental principles of equality of collection and distribution of the bankruptcy estate.

## IV. COMMENCEMENT OF INTEREST

■ Prejudgment interest in preferences litigation accrues from the date of demand on the defendant, or absent demand, from the date the adversary proceeding is filed. *White Co. v. Wells,* 42 F.2d at 460; *Elliotte v. American Savings Bank & Trust Co.,* 18 F.2d at 462; *American Nat'l Bank v. Miller,* 185 F. at 344–45; *Smith v. Mark Twain Nat'l Bank,* 805 F.2d at 291; *Palmer v. Radio Corp.,* 453 F.2d at 1140; *In re Fulghum Constr. Corp.,* 78 B.R. at 153; *Langenkamp v. Moore (In re Republic Fin. Corp.),* 75 B.R. 840, 846 (Bankr.N.D. Okla.1987); *In re Missionary Baptist Found.,* 69 B.R. 536, 538 (Bankr.N.D.Tex. 1987); *Crampton v. Dominion Bank (In re H.P. King Co.),* 64 B.R. 487, 489 (Bankr. E.D.N.C.1986); *In re Production Steel,* 60 B.R. at 5; *Merrill v. Abbott (In re Indep. Clearinghouse Co.),* 41 B.R. 985, 1015 (Bankr.D. Utah 1984).

To this general rule there is an equitable exception: When the transferee behaves fraudulently or in bad faith, interest is calculated from the date of transfer, on the theory that the transfer was wrongful when made. *Becker v. Security Nat'l Bank (In re Four Seasons Sporting Goods, Inc.),* 46 B.R. 528, 531 (Bankr.N.D. Cal.1985); *In re Production Steel, Inc.,* 60 B.R. at 5. *See In re Independent Clearinghouse Co.,* 41 B.R. at 1015–16. For example, in *Gould v. Nathans,* 1 F.2d 458 (D.Mass.1924), the defendant was the assignee of the debtor's accounts receivable, but the debtor retained the right to collect the accounts. Anticipating the debtor's insolvency, the defendant began intercepting accounts receivable. The resulting preferential transfers were avoided, and interest was awarded from the date the accounts were wrongfully collected. *See also Hill v. Ozar (In re Wholesale Furniture Mart, Inc.),* 24 B.R. 240 (Bankr.W.D.Mo.1982) (wrongful act of commingling funds warranted prejudgment interest from date of transfer).

■ The SIBC liquidating trustee has neither alleged nor proven misconduct which would require interest from any earlier date than demand. *See In re Production Steel, Inc.,* 60 B.R. at 5.

Bankruptcy Rule 9006(f) suggests that when demand is made by mail, interest

should be calculated from the date of demand plus three days:

> When there is a right or requirement to do some act or undertake some proceedings within a prescribed period after the service of a notice or other paper and the notice or paper other than process is served by mail, three days shall be added to the prescribed period.

This reasoning has been utilized by the United States Bankruptcy Court for the Eastern District of Tennessee. *In re East Tennessee Produce Co.*, No. 386–0252 slip op. at 16 (allowing two days for mail).

## V. RATE OF INTEREST

■ 28 U.S.C. § 1961(b) fixes the rate of *post*-judgment interest as the coupon issue yield equivalent (as determined by the Secretary of Treasury) of the average accepted auction price for the last auction of 52 week U.S. Treasury Bills settled immediately prior to judgment. Most courts awarding *pre* judgment interest fix the rate similarly, looking to the last auction price of Treasury Bills settled immediately prior to the date of demand. There is authority for this method in the Eastern District of Tennessee. *In re East Tennessee Produce Co.*, No. 386–0252, slip op at 16; *In re Butcher*, No. 385–1050, slip op. at 54–55. *See also In re H & S Transp. Co.*, 78 B.R. at 519; *In re Fulghum Constr. Corp.*, 78 B.R. at 154; *In re Missionary Baptist Found.*, 69 B.R. at 539; *In re H.P. King Co.*, 64 B.R. at 491; *In re Production Steel*, 60 B.R. at 5.

The United States Court of Appeals for the Sixth Circuit, in a non-bankruptcy context, observed that the post-judgment interest rate in 28 U.S.C. § 1961(a) is influential but not mandatory of the appropriate rate of prejudgment interest in the federal courts:

> ... the matter of prejudgment interest remains essentially one for the discretion of the trial judge. Undoubtedly in the future, district courts may be influenced by the congressional wisdom expressed in the amendment of 28 U.S.C. § 1961(a), but we do not think that they are invariably compelled to adopt the statutory postjudgment rate in determining prejudgment interest.

*E.E.O.C. v. Wooster Brush Co. Employees Relief Ass'n*, 727 F.2d 566, 579 (6th Cir. 1984). *See United Am. Fin. Corp. v. Knoxville Properties, Inc. (In re United Am. Fin. Corp.)*, 55 B.R. at 117 (citing *E.E.O.C. v. Wooster Brush Co.* and applying § 1961(a) rate to prejudgment interest on recovery for breach of aircraft lease).

Prejudgment interest is compensatory, not punitive. It is a leavening finger on the litigation scale that removes the incentive for any party to value delay as a litigation strategy.

When concluded, this preference litigation will have lasted more than four years. During that time the interest rate, calculated according to § 1961(a), has fluctuated significantly. Federal Reserve Statistical Releases May 29, 1984, May 26, 1987. Had the estate actually been investing in Treasury Bills, the return would have fluctuated with the auction price. The four-year delay is not alleged to have been caused by any parties' misconduct. Fixing the prejudgment rate on the date of demand might over-compensate the estate in some adversary proceedings and penalize the estate in others. Uncertain litigation incentives are avoided by allowing the prejudgment rate to fluctuate on an easily calculated basis.

The beginning prejudgment interest rate will be the coupon issue yield equivalent (as determined by the Secretary of the Treasury) of the average accepted auction price for the last auction of 52–week U.S. Treasury Bills settled immediately prior to demand. At each anniversary of demand thereafter, the rate shall be adjusted to reflect the new interest rate for 52 week Treasury Bills. This approach is supported by *In re H.P. King Co.*, 64 B.R. at 492:

> Had there been a more dramatic fluctuation of interest rates during the relevant time period for this case, this court would consider a floating interest rate based on all the auction prices settled during the time period for which interest was being awarded. However in view of the relatively stable interest rates and for ease of computation, one interest rate

will be used in this case, determined from the auction price settled immediately prior to the date of demand for payment.

64 B.R. at 492, n. 6. There is contrary authority. *See In re Missionary Baptist Found.*, 69 B.R. at 539.

The prejudgment interest rate continues until judgment, when all interest and principal is merged into the judgment and the post-judgment interest rate becomes applicable. *In re H.P. King Co.*, 64 B.R. at 492; *In re Republic Fin. Corp.*, 75 B.R. 840.

Finally, under 28 U.S.C. § 1961(b) post-judgment interest is compounded annually. There is no reason advanced to apply any other rule to prejudgment interest. *Accord In re Republic Fin. Corp.*, 75 B.R. at 846; *In re Missionary Baptist Found.*, 69 B.R. at 540; *In re H.P. King Co.*, 64 B.R. at 492.

### VI. SUMMARY

(1) The liquidating trustee is entitled to prejudgment and post-judgment interest on amounts recovered pursuant to § 547; (2) Prejudgment interest commences at the date of demand, or if demand was by mail, three days after mailing. In the absence of demand, prejudgment interest commences at the filing of the preference action; (3) Prejudgment interest is calculated as the coupon issue yield equivalent of the average accepted auction price for the last auction of 52 week U.S. Treasury Bills settled immediately prior to the date identified above, adjusted on each anniversary; (4) Prejudgment interest shall be compounded annually and computed daily beginning on the date determined above; (5) At the entry of judgment, the principal amount of the judgment and accrued prejudgment interest will merge into one judgment sum and post-judgment interest on that sum will be determined according to 28 U.S.C. § 1961; (6) Post-judgment interest shall be compounded annually and computed daily until payment.

An appropriate order will be entered.