In re the HOME COMPANY, Debtor.

Richard D. ELLENBERG,
Trustee, Plaintiff,

v.

Jackson C. MERCER, Defendant.

Bankruptcy No. A88–04773–SWC.
Adv. No. 89–0063A.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Dec. 7, 1989.

Richard D. Ellenberg, Ellenberg & Bryan, P.C., Atlanta, Ga., trustee.

Gerald W. Fudge, Atlanta, Ga., for defendant.

## ORDER

STACEY W. COTTON, Bankruptcy Judge.

Before the court is plaintiff's motion for summary judgment based upon the complaint, answer, statement of facts not in dispute, accompanying affidavit, and answers to plaintiff's interrogatories. Defendant did not file a response to the motion as required by Local Rules 220–1(b) and 220–5, N.D.Ga. The motion is unopposed, and the facts are deemed admitted. This adversary proceeding is an action to avoid a preference and is a core proceeding under 28 U.S.C. § 157(b)(2)(F). The court makes the following findings of fact and conclusions of law:

## FACTS

Defendant, Jackson C. Mercer, entered into a written "compensation agreement" effective January 1, 1987 with debtor, The Home Company, Inc. ("Home"), in which defendant was to receive, in addition to a salary, certain incentives or commissions to be paid semiannually, within thirty (30) days after June 30, 1987 and December 31, 1987. Home paid defendant $22,050.00 by check dated March 4, 1988, which was received and cashed by defendant on March 7, 1988. Of that amount, $17,002.50 represented incentive pay that was due no later than January 30, 1988 according to the terms of the compensation agreement. The remaining $5,047.50 represented payment for a five percent employee discount on a home purchased from Home by defendant for a sale price of $100,950.00. Although neither plaintiff nor defendant states when the five percent discount payment obligation was incurred or was due, the sales contract on which it was based was dated March 1, 1988. Defendant acknowledged that payment of monies he was owed was delayed due to the debtor's financial difficulties.

Debtor filed its Chapter 7 bankruptcy petition on June 3, 1988. Plaintiff filed his complaint on February 9, 1989 and his motion for summary judgment on September 14, 1989, with service on defendant's counsel by mail also on September 14. Although counsel for defendant never filed a response to the motion for summary judgment, counsel for plaintiff and defendant

submitted a consolidated pretrial order, entered by the court on October 27, 1989, which acknowledged that plaintiff's motion for summary judgment was pending.

## DISCUSSION

■ Federal Rule of Civil Procedure 56, made applicable herein pursuant to Bankruptcy Rule 7056, provides for the granting of summary judgment if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c) The burden of establishing the right of summary judgment is on the moving party. *Clark v. Union Mut. Life Ins. Co.,* 692 F.2d 1370, 1372 (11th Cir.1982); *United States Steel Corp. v. Darby,* 516 F.2d 961, 963 (5th Cir.1975).

■ In determining whether there is a genuine issue of any material fact the court must view the evidence in the light most favorable to the party opposing the motion. *Rosen v. Biscayne Yacht & Country Club, Inc.,* 766 F.2d 482, 484 (11th Cir.1985); *United States v. Oakley,* 744 F.2d 1553, 1555 (11th Cir.1984); *BAW Mfg. Co. v. Slaks Fifth Ave., Ltd.,* 547 F.2d 928, 930 (5th Cir.1977); *Gross v. Southern Ry.,* 414 F.2d 292, 297 (5th Cir.1969). Rule 56(c) does not require the moving party to negate the claims of the nonmovant but requires only that the moving party identify those evidentiary materials listed in Rule 56(c) that establish the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). In cases in which the moving party will bear the burden of persuasion at trial, that party must present credible evidence using the materials described in Rule 56(c) to support its motion. *Id.* at 324, 106 S.Ct. at 2553. *See also* Fed.R.Civ.P. 56(e). In addition, the standard of proof that applies to the substantive claim applies on motion for summary judgment. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Dominick v. Dixie Nat'l Life Ins. Co.,* 809 F.2d 1559, 1572 (11th Cir.1987).

Five elements of a preference under 11 U.S.C. § 547(b) must be proven to avoid a transfer. Such transfer of property must: (1) be made to or for the benefit of a creditor; (2) be made for or on account of an antecedent debt; (3) be made while the debtor was insolvent; (4) be made on or within 90 days before the date the petition was filed, or between 90 days and one year before the petition was filed if the creditor was an insider when the transfer was made; and (5) enable the creditor to receive more than he would if the estate were liquidated under Chapter 7 and the transfer had not been made. 11 U.S.C. § 547(b); *see also Roemelmeyer v. Walter E. Heller & Co., S.E. (In re Lackow Bros., Inc.),* 752 F.2d 1529, 1530 n. 1 (11th Cir.1985); *Barash v. Public Fin. Corp.,* 658 F.2d 504, 507 (7th Cir.1981). The trustee has the burden of proving the avoidability of a preference under subsection (b). 11 U.S.C. § 547(g). Even if all five elements are found, section 547(c) provides certain exceptions or "safe harbors" from avoidance. If a creditor can qualify under any one of the exceptions, he is protected. The creditor has the burden of proving nonavoidability of a transfer under subsection (c). *Id.*

■ Since the defendant has not responded to the plaintiff's motion for summary judgment, the matters asserted are unopposed and deemed admitted. *See* L.R. 220–1(b), 220–5, N.D.Ga. Additionally, from an examination of the record the court finds that plaintiff, utilizing the affidavit of his paralegal, the statement of facts not in dispute, and certain admissions in the answers to plaintiff's complaint and interrogatories, has demonstrated the absence of any issue of material fact and has met his burden of proof for each element of a preference. Thus, there are no material facts in dispute, and plaintiff is entitled to judgment as a matter of law.

The court also notes that a consolidated pretrial order has been entered in which counsel stipulate that plaintiff has established all the elements of a preference except for element (4) relating to the time of the transfer. *See* 11 U.S.C. § 547(b)(4). Further, counsel stipulate that the only issues to be decided by the court are: (a)

whether the transfer occurred within 90 days of the commencement of the case, and if not; (b) whether the transfer occurred within one year of the commencement of the case and defendant was an insider at the time of the transfer. *See* Pretrial Order ¶ 11, Attachment "E" (Oct. 27, 1989).

The subject payment was made by check dated March 4, 1988 and defendant received and cashed the check on March 7, 1988. Thus, the check was dated 91 days before the filing of the petition, but defendant received and cashed the check 88 days before the filing of the petition. If the date of the transfer is the date the check was dated or delivered to defendant, the court must find that defendant was an insider before the transfer is avoidable as a preference. However, if the date of transfer is the date the check is cashed or honored by the bank, then the transfer occurred within 90 days of the filing of the petition, and nothing further is required to avoid the transfer as a preference. Since there is no factual dispute concerning the dates the check was dated or honored by the bank, the court can address the question of when the transfer occurred as a matter of law.

■ The rule of law in this circuit is that for purposes of section 547(b)(4) the date of transfer is not the date the check is delivered, but the date the check is honored by the paying bank. *Nicholson v. First Inv. Co.*, 705 F.2d 410, 413 (11th Cir.1983); *Bonapfel v. LaSalle–Deitch Co. (In re All American of Ashburn, Inc.)*, 95 B.R. 251, 252–53 (Bankr.N.D.Ga.1989). Since the check was honored on March 7, 1988, or 88 days before the filing of the petition, the court finds as a matter of law that the transfer was within the 90–day period. Thus, the question of whether defendant was an insider is moot and need not be addressed by the court.

■ In addition to the judgment and costs, plaintiff also seeks to recover prejudgment interest on the preference. Prejudgment interest is recoverable in a preference action from the date of demand for

its return by the trustee or, if there is no demand, from the date of commencement of the adversary proceeding. *Kaufman v. Tredway*, 195 U.S. 271, 273, 25 S.Ct. 33, 34, 49 L.Ed. 190 (1904); *Palmer v. Radio Corp. of America*, 453 F.2d 1133, 1140 (5th Cir.1971).[1] In determining the applicable interest rate, most federal courts deciding questions of federal law have applied the federal statutory rate of interest on judgments pursuant to 28 U.S.C. § 1961. *See Kilpatrick Marine Piling v. Fireman's Fund Ins. Co.*, 795 F.2d 940, 947–48 (11th Cir.1986) (question of maritime law involved); *Waldschmidt v. Ranier (In re Fulghum Constr. Corp.)*, 78 B.R. 146, 153–54 (M.D.Tenn.1987), *rev'd on other grounds*, 872 F.2d 739 (6th Cir.1989); *Parmelee v. Bank of Greensburg (In re L & T Steel Fabrics., Inc.)*, 102 B.R. 511, 520–21, 521 n. 9 (Bankr.M.D.La.1989); *Friedman v. 1000 Brickell, Ltd. (In re Advertising Assoc., Inc.)*, 95 B.R. 849, 851 (Bankr.S.D. Fla.1989); *Rafoth v. Bailey (In re Baker & Getty Fin. Servs., Inc.)*, 88 B.R. 792, 800 (Bankr.N.D.Ohio 1988); *DuVoisin v. Anderson (In re Southern Indus. Banking Corp.)*, 87 B.R. 518, 523 (Bankr.E.D. Tenn.1988); *Schwarz v. Equitable Bank, N.A. (In re Express Liquors, Inc.)*, 65 B.R. 952, 962 (Bankr.D.Md.1986); *but see Hoffman v. Central Pa. Nat'l Bank (In re Hoffman)*, 96 B.R. 46, 49 (Bankr.W.D.Pa. 1988) (prejudgment interest awarded at state legal rate); *Fryman v. Sim Textile Co. (In re Art Shirt Ltd.)*, 68 B.R. 316, 325 & n. 3 (Bankr.E.D.Pa.1986), *aff'd*, 93 B.R. 333 (E.D.Pa.1988). Although section 1961 only provides for postjudgment interest, most courts have concluded that the statute also applies to prejudgment interest in a case involving a federal question in which there is no express statutory provision for such interest. *See In re Fulghum Const. Corp.*, 78 B.R. at 153; *In re Southern Indus. Banking Corp.*, 87 B.R. at 523.

■ Section 1961 provides that the interest is to be granted "at the rate equal to the coupon issue yield equivalent (as determined by the Secretary of the Treasury) of the average accepted auction price for the

---

1. A decision of the Fifth Circuit Court of Appeals prior to October 1, 1981 is binding precedent on courts of the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981).

last auction of fifty-two week United States Treasury bills." 28 U.S.C. § 1961. Further, the Director of the Administrative Office of the United States Courts is to distribute notice of the 52–week auctions of treasury bills to federal judges. *Id.* In successful preference actions the courts have utilized the rate in effect on the date of demand for recovery or, if there was no demand, the date of commencement of the adversary proceeding. *In re Baker & Getty Fin. Servs., Inc.,* 88 B.R. at 800; *In re Southern Indus. Banking Corp.,* 87 B.R. at 523; *In re Express Liquors, Inc.,* 65 B.R. at 962. If the demand was by letter, the court will grant interest from the date of demand plus three days. *In re Southern Indus. Banking Corp.,* 87 B.R. at 522–23; *see* Bankr.R. 9006(f).

Based on the above discussion, the court concludes that there is no genuine issue of material fact, and plaintiff has met its burden of proof that the $22,050.00 payment to defendant, Jackson Mercer, was a preference as a matter of law. Since the trustee demanded recovery of the preference on December 19, 1988, the court will grant prejudgment interest from December 22, 1988 at a rate of 9.20%, which was the coupon issue yield equivalent for the December 15, 1988 auction of 52–week United States Treasury bills. *See* Memorandum To All Clerks of Court, regarding Post–Judgment Interest Rates, from A.L. Lloyd, Administrative Office of the United States Courts (Oct. 23, 1989). Accordingly, it is

ORDERED that plaintiff's motion for summary judgment is GRANTED, and it is

FURTHER ORDERED that judgment is awarded in favor of plaintiff in the amount of $22,050.00, plus interest at the rate of 9.20% from December 22, 1988 though November 30, 1989 in the amount of $1,912.00, plus court costs, and it is

FURTHER ORDERED that defendant's counterclaim for malicious use of process is without merit and is DENIED.

IT IS SO ORDERED.