**In re SHARON STEEL CORPORATION,**
**Debtor.**

**F.E. AGNEW III, Trustee, Plaintiff,**

**v.**

**The CARTER ORGANIZATION,**
**INC., Defendant.**

**Bankruptcy No. 87–207E.**
**Adv. No. 90–0007.**

United States Bankruptcy Court,
W.D. Pennsylvania.

March 22, 1990.

Mark D. Plevin, Esq., San Francisco, Cal., for defendant.

Bernhard Schaffler, Karn M. Sirianni, Pittsburgh, Pa., for plaintiff.

## OPINION

WARREN W. BENTZ, Bankruptcy Judge.

### Facts

Sharon Steel Corporation ("Sharon") filed its voluntary petition under Chapter 11 of the Bankruptcy Code on April 17, 1987. On January 16, 1987, 91 days prior to the filing of its bankruptcy petition, Sharon issued a check to The Carter Organization, Inc. ("Carter") in the amount of $72,948.85 in payment of numerous invoices dated between July 25, 1985 and November 25, 1986. The check was honored by Sharon's bank on January 21, 1987, a date which is within the 90 day preference period as provided by Bankruptcy Code § 547.

Subsequent to receipt of said payment, Carter supplied Sharon new value in the amount of $10,262.72. Sharon has filed a complaint to avoid said transfer in the amount of $62,686.13 ($72,948.85–10,-262.72). Carter filed a Motion to Dismiss asserting that the transfer was outside of the 90 day preference period and accordingly, the complaint fails to state a claim upon which relief can be granted.

### Issue

The sole issue before the court is whether, for purposes of § 547(b) of the Bankruptcy Code, a transfer by check occurs on the date the check is delivered or the date the check is honored.

### Discussion

Both parties have cited numerous authorities in their briefs supporting their respective positions.

Section 547(b) is concerned with depletions of the bankruptcy estate which enable creditors to receive more through the questioned transfer than they would otherwise receive under the Bankruptcy Code.

Before acceptance of the check by the bank, the payee has no enforceable interest against funds in the debtor's account. Therefore, the issuance of a check does not deplete the bankruptcy estate. It is only when the check is honored by the bank that depletion of the estate occurs.

For this reason, we agree with those courts which hold that for § 547(b) purposes, the date on which the check is honored by the bank is the date of transfer. *See e.g., In re Home Co.*, 108 B.R. 357 (Bankr.N.D.Ga.1989); *Nicholson v. First Inv. Co.*, 705 F.2d 410 (11th Cir.1983); *In re AMWC, Inc.*, 94 B.R. 428 (Bankr.N.D. Tex.1988).

The Third Circuit has not had occasion to rule on the issue of when transfer occurs under § 547(b). However, the Third Circuit has noted that "a majority of courts have determined that the date of transfer of a check for purposes of section 547(b) is the date that it clears the bank." *In re New York City Shoes*, 880 F.2d 679, 681 n. 2 (3rd Cir.1989).

Accordingly, Carter's Motion to Dismiss will be denied. An appropriate order will be entered.