**CODE ELECTRIC, INC., Appellant,**

v.

**Gregory B. CRAMPTON,
Trustee, Appellee.**

**No. 5:95–CV–781–H.**

United States District Court,
E.D. North Carolina,
Western Division.

March 11, 1996.

Stephen B. Brown, Ragsdale, Kirschbaum & Nanney, Raleigh, NC, for appellant Code Electric, Inc.

William P. Janvier, Merriman, Nicholls & Crampton, Raleigh, NC, for appellee Gregory B. Crampton.

## ORDER

MALCOLM J. HOWARD, District Judge.

This matter is before the court on appeal from a judgment and memorandum opinion of the United States Bankruptcy Court for the Eastern District of North Carolina ("Bankruptcy Court") ordering the recovery of $42,532 plus interest from the appellant. A trial was conducted on June 21, 1995, by Bankruptcy Judge A. Thomas Small. The parties have thoroughly briefed the appeal to this court and the matter is now ripe for adjudication.

## STATEMENT OF THE CASE

The debtor in this matter, Accord Group, Inc. ("Accord"), was a general contractor specializing in commercial office upfits. In July of 1993, Accord was hired by Rexwoods II Associates ("Rexwoods") to be Rexwoods' general contractor on a job known as "Raleigh Neurology." Accord subsequently hired a number of subcontractors to work on the Raleigh Neurology project. The appellant, Code Electric, Inc. ("Code"), was one such subcontractor.

In November of 1993, Code received from Accord a check in the amount of $20,000 representing the partial payment of a $48,529 pay application that had been submitted by Code. Upon receipt of this partial payment, the president of Code, William Patterson ("Patterson"), sent Accord's president, Wayne Wickham ("Wickham"), a letter requesting the remaining $28,529 by a specific date and stating that Code would place a lien on the project if payment was not received. The letter also requested the timely payment of a subsequent pay application in the amount of $13,403. This letter was copied to an employee of Highwoods Properties Company, Inc. ("Highwoods"), the manager and agent of Rexwoods for the Raleigh Neurology project.

Following the mailing of the letter, Patterson contacted Highwoods by telephone regarding the failure of Accord to pay Code in a timely manner. Prior to Patterson's telephone call, Highwoods had also received complaints from other subcontractors regarding Accord's failure to pay on time. Highwoods therefore arranged a meeting with Accord's president to discuss the situation. It was decided at this meeting that Rexwoods would thereafter pay Accord by issuing checks payable jointly to Accord and the unpaid subcontractors. Accord and Code subsequently received from Rexwoods a joint check in the amount of $42,532.

On December 20, 1993, Accord filed a chapter 7 petition. The $42,532 joint check along with two other payments from Accord to Code were made within ninety days of Accord's bankruptcy filing. Gregory B. Crampton, the chapter 7 trustee for Accord, therefore initiated this adversary proceeding to recover the three payments to Code as preferential transfers. After conducting a trial in the matter, Judge Small determined that all three of the payments met the requirements of 11 U.S.C. § 547(b) but only the $42,532 payment was avoidable since the first two payments were subject to the affirmative defense of § 547(c)(2). Code now appeals Judge Small's determination regarding the $42,532 payment.

## DISCUSSION

Code contends that the Bankruptcy Court's decision allowing the avoidance of the $42,532 payment is erroneous because Accord had an insufficient interest in the $42,532 to fall within 11 U.S.C. § 547(b). In addition, Code contends that even if Accord did have a sufficient interest in the $42,532, the payment is excepted from recovery pursuant to both § 547(c)(6) and § 547(c)(1). Furthermore, Code asserts that the Bankruptcy Court erred in its computation of prejudgment interest.

After thoroughly reading the briefs of the parties, the relevant portions of the appellate

record, and the numerous cases cited by both parties, this court is unconvinced by Code's arguments relating to § 547(c)(6) and (c)(1). The plain language of § 547(c)(6) is very clear in including within its parameters only the actual fixing of a statutory lien, which did not occur here, and the new value exception of § 547(c)(1) does not apply to transactions such as the $42,532 payment. Thus, the court finds that as long as the $42,532 payment was properly determined by the Bankruptcy Court to be "an interest of the debtor in property" in accordance with § 547(b), the $42,532 payment is subject to recovery.

It is the concept of whether or not the $42,532 was "an interest of the debtor in property" that has most troubled this court in adjudicating this appeal. On the one hand, the disputed check can be viewed as simply a payment from Rexwoods to Accord and a payment from Accord to Code for work performed on the Raleigh Neurology project. On the other hand, it cannot be ignored that the check was not issued by Accord to Code, but was instead issued by Rexwoods, made payable to Accord and Code jointly, and immediately endorsed over to Code by Accord. Thus, there is a legitimate question as to whether this payment was ever truly "an interest of the debtor in property."

In support of its contention that the $42,532 was not "an interest of the debtor in property," Code cites numerous cases in which joint checks have been determined not to be sufficient interests of the debtor to allow avoidance pursuant to § 547. *See e.g., In re Flooring Concepts, Inc.,* 37 B.R. 957 (9th Cir. BAP 1984); *In re Sun Belt Electrical Constructors, Inc.,* 56 B.R. 686 (Bankr. N.D.Ga.1986); *In re Temp–Way Corp.,* 80 B.R. 699 (Bankr.E.D.Pa.1987); *In re Steelvest, Inc.,* 112 B.R. 852 (W.D.Ky.1990); *Merchants Grain, Inc. v. Adkins,* 184 B.R. 52 (S.D.Ind.1995). The court finds, however, that the cases cited by Code are very factually based decisions and can be distinguished from the instant situation. In particular, many of the cases involve actual agreements between the parties analogous to Code and Rexwoods or involve a determination by the court that neither the debtor nor its other creditors would benefit from a recovery of the joint check payment. Furthermore, none of these cases are controlling in this jurisdiction.

Consequently, after much consideration, the court finds that in analyzing what actually transpired between the parties involved in this matter, the Bankruptcy Court properly concluded that Accord had a sufficient interest in the amounts paid by the joint check for the payment to fall within the recovery provisions of § 547(b). Rexwoods was never under any type of contractual obligation to pay Code directly, and Rexwoods never agreed to do so. Granted, Rexwoods was concerned about the possibility of liens being placed upon the project by Code and the other subcontractors, but Rexwoods' sole payment obligation nonetheless remained with Accord. Thus, when Rexwoods issued the check made payable to both Accord and Code, the payment was reflected on Rexwoods' books as payment to Accord alone. The fact that the check was issued jointly simply assured Rexwoods that Code would be paid by Accord which would operate to negate Code's lien rights on the project. The check was therefore a property interest of Accord's when Accord endorsed it over to Code within the preference period.

## CONCLUSION

Because the court finds that Accord possessed an interest in the $42,532 check issued by Rexwoods and made payable to Accord and Code jointly, and because the court finds unconvincing Code's arguments that the payment is subject to the defenses of § 547(c)(6) and § 547(c)(1), the court hereby AFFIRMS that portion of the Bankruptcy Court's order allowing the trustee to recover $42,532 from the appellant.

However, the court finds that the Bankruptcy Court erroneously awarded prejudgment interest beginning on September 28, 1994, the date of the trustee's demand letter to the defendant. The September 28, 1994, demand letter does not mention the $42,532 payment as one that the trustee then considered subject to recovery. Instead, the letter lists as recoverable only the two payments determined by Judge Small not to be avoidable. The court therefore finds that the

proper date from which prejudgment interest may be awarded is March 30, 1995, the date of the first amended complaint and the first time the $42,532 payment was specifically indicated as a payment the trustee considered subject to recovery. *In re H.P. King Co., Inc.*, 64 B.R. 487 (Bankr.E.D.N.C.1986) ("[T]he trustee is entitled ... to prejudgment interest from the date of demand for its return, or in the absence of a prior demand, from the date of the filing of the complaint.")

Accordingly, the court hereby AFFIRMS the Bankruptcy Court's judgment and memorandum opinion ordering the recovery of $42,532 plus interest from the appellant. However, the judgment is modified to the extent that the computation of the amount of interest shall begin on *March 30, 1995,* rather than September 28, 1994. All other aspects of the Bankruptcy Court's judgment remain in effect.